IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA FRANCESCATTI, an individual,<br><br>        Plaintiff,<br>v.<br><br>STEFANI JOANNE GERMANOTTA, an individual, a.k.a. "Lady Gaga," INTERSCOPE RECORDS, UNIVERSAL MUSIC GROUP, INC., DJ WHITE SHADOW, LLC, and BRIAN JOSEPH GAYNOR, an individual,<br><br>        Defendants. | CASE NO. 1:11-cv-05270<br><br>Hon. Blanche M. Manning<br><br>Magistrate Judge Jeffrey T. Gilbert<br><br>**ANSWER** |

Defendant UMG Recordings, Inc. ("UMG"), incorrectly sued herein as Universal Music Group, Inc. and Interscope Records, by and through its attorneys, Jenner & Block LLP, for its Answer to Plaintiff's Complaint, states as follows:

**SUBJECT MATTER JURISDICTION**

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* ("the Copyright Act").

**ANSWER:** No response is required for paragraph 1.

2. This Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a) and (b).

**ANSWER:** Paragraph 2 contains legal conclusions to which no response is required.

**VENUE**

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

**ANSWER:** Paragraph 3 contains legal conclusions to which no response is required.

4. Plaintiff Rebecca Francescatti a.k.a. "Rebecca F." (hereafter "Rebecca" or "Plaintiff") is an accomplished composer and performing artist residing in Chicago, Illinois.

ANSWER: Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 4.

5. Defendant Stefani Joanne Germanotta, a.k.a. "Lady Gaga" ("Lady Gaga"), is an individual who, on information and belief, resides within the state of New York. Defendant Germanotta is a well-known, popular media star performing under the name "Lady Gaga." Defendant Germanotta has performed in the Northern District of Illinois, other locations throughout the United States, and other countries.

ANSWER: Defendant admits that Defendant Stefani Joanne Germanotta is a well-known, popular media star performing under the name "Lady Gaga." Defendant lacks sufficient information and knowledge to answer, and therefore denies, the remaining allegations set forth in paragraph 5.

6. Defendant Interscope Records ("Interscope") is a major record label and a subsidiary of Defendant Universal Music Group, Inc., with its principle place of business in Santa Monica, California. Defendant Interscope sells and distributes recorded music in the Northern District of Illinois, other locations throughout the United States, and other countries.

ANSWER: In response to Paragraph 6 of the Complaint, Defendant avers that Interscope Records is a major record label and a division of UMG, with its principal place of business in Santa Monica, California. Defendant denies all remaining allegations set forth in paragraph 6.

7. Defendant Universal Music Group, Inc. ("Universal") is an international company in the business of recording and publishing music, with its principle place of business in Los Angeles, California. Defendant Universal develops, markets, sells, and distributes recorded music through a network of subsidiaries, including Defendant Interscope. Defendant Universal sells and distributes recorded music in the Northern District of Illinois, other locations throughout the United States, and other countries.

ANSWER: Defendant denies all allegations set forth in paragraph 7.

8.     Defendant DJ White Shadow, LLC ("DJ White Shadow"), is a limited liability company organized and existing under the laws of the State of Illinois. Its primary business activity is writing, producing and performing musical compositions, recordings and arrangements. The original Members of the limited liability company were Paul Blair, Co-Defendant Brian Joseph Gaynor ("Gaynor"), and Brian Lee.

**ANSWER:**    Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 8.

9.     Defendant Brian Joseph Gaynor ("Gaynor") is an individual who, upon information and belief, resides in the City of Chicago, Cook County, Illinois.

**ANSWER:**    Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 9.

## FACTS

10.    Plaintiff is an accomplished and well-known composer and performing artist who has been writing and performing her own songs in the Chicago metropolitan area since the late 1990s. Plaintiff received a B.A. in English Literature and Philosophy from Miami University of Oxford, Ohio in 1996 and a M.A. in English Literature from DePaul University in 2003. Plaintiff now works in the publishing industry and is completing a musical album focused on U.S. immigration social issues.

**ANSWER:**    Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 10.

11.    In 1999, Grammy Award-winning R & B singer/songwriter R. Kelly signed Plaintiff to a development contract with his vanity label Rockland Records, which is now known as Interscope Records.

**ANSWER:**    Defendant denies the allegation that Rockland Records is now known as Interscope Records. Defendant lacks sufficient information and knowledge to answer, and therefore denies, the remaining allegations set forth in paragraph 11.

3

12. Since 1999, Plaintiff has toured the Chicago music scene as both a solo singer/songwriter performer and as lead singer and manager of several rock bands, most notably "Rebecca F. & the Memes," all of which featured performance of her original songs. Plaintiff's songs have been broadcast on both national and local radio stations and have been featured in film soundtracks. In 2010, Chicago Access Network Television (CAN TV) broadcast the live in-studio performance of over 30 songs written by Plaintiff for the show, "Rock Chicago."

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 12.

13. During the recording of her album, *It's All About You,* in 1999, Plaintiff was employed as adjunct faculty at Robert Morris College, now Robert Morris University, where she taught English and Communication.

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 13.

14. At times herein, Plaintiff is and was the author, composer, owner, publisher, and/or administrator of copyrights in and for certain musical compositions and exploited such copyrights through use of the compositions in audio and video recordings and public performances.

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 14.

15. In or about 1999, Plaintiff created, composed, authored, wrote and performed the original musical composition entitled "Juda," which consists wholly of original material and was and is copyrightable subject matter under the laws of the United States.

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 15.

16. In 1999, Plaintiff registered and recorded with the United States Copyright Office the copyright in the musical composition "Juda."

  **ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 16.

  17. Plaintiff owns all right, title and interest in and to United States Copyright Certificate of Registration for the album entitled "Volume I," which contains the original version of the song, "Juda," Registration No. SRu000407418, effective June 28, 1999, and has standing to sue for enforcement of that copyright. A true and correct copy of the public catalog record from the United States Copyright Office for Registration No. SRu000407418 is attached as Exhibit A. Also included in Exhibit A is Plaintiffs BMI work registration certificate for the song "Juda" dated October 13, 2000.

  **ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 17.

  18. Plaintiff owns all right, title and interest in and to United States Copyright Certificate of Registration for the album "EP-2005," which contains an updated version of the song, "Juda," Registration No. SRu000576634, effective April 15, 2005, and has a standing to sue for enforcement of that copyright. A true and correct copy of the Certificate of Registration No. SRu000576634 is attached as Exhibit B.

  **ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 18.

  19. From the date of creation through the date of registration, Plaintiff has complied in all respects with the Copyright Act and the copyright for this work has been registered in accordance with the Act and all other laws governing copyrights as indicated by the Certificate of Registration. Plaintiff has secured the exclusive right and privileges in and to the identified copyright and received from the Register of Copyrights the appropriate Certificate of Registration. The certificates constitute prima facie evidence of the validity of those copyrights.

  **ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 19.

  20. Plaintiff's sound recording of "Juda" has been distributed and sold through record stores, internet on-line sites, including iTunes and CD Baby, as well as other outlets, and has been played at live performances throughout the Northern District of Illinois.

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 20.

21. Gaynor is one of the original members of DJ White Shadow. Upon information and belief, Gaynor is a bass player, sound engineer and mixer, but not a songwriter.

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 21.

22. In or about 2004, Plaintiff met Gaynor at Alien Studios in Chicago, when Gaynor, an employee of the studio, was assigned to work a recording session that Plaintiff had scheduled. During this session, Plaintiff performed her original songs in full to a click track, or metronome, to create "scratch" or "guide" tracks for her upcoming album, *It's All About You.*

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 22.

23. In or about 2005, Gaynor engineered the Plaintiff's album, *It's All About You*, featuring Plaintiff's re-recording of "Juda," which Plaintiff released in 2006.

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 23.

24. Gaynor's work on "Juda" allowed him to have access to the musical tracks and composition of "Juda" and Gaynor had full knowledge of Plaintiff's copyright of the work. After completing work on Plaintiff's album *It's All About You,* including the remake version of "Juda," Gaynor maintained master recordings of each of Plaintiff's songs on that album.

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 24.

6

25. In or about May 2010, and at all times relevant, Plaintiff contacted Gaynor to seek his assistance in mixing a new song for a charity event. During their communication, Gaynor informed Plaintiff that he had been working with Defendant Lady Gaga.

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 25.

26. In an email dated May 1, 2010, Gaynor informed Plaintiff that he provided several songs to Lady Gaga, on which Lady Gaga recorded her vocals and then sent them back to Gaynor through iChat. Gaynor explained that he would be leaving for France on May 19, 2010 to join Lady Gaga "on tour and [to] finish the records," all of which was "paid for by the label."

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 26.

27. Gaynor stated that he "played bass, keys, co-wrote, engineered, and co-produc[ed]" three tracks on Lady Gaga's new album entitled "Born This Way," which features the single "Judas." DJ White Shadow, a company in which Gaynor is a member, has claimed to have written 17 of Lady Gaga's 20 songs on the "Born This Way" album.

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 27.

28. Lady Gaga is an immensely popular media star who has recorded and performed numerous hit songs and has achieved worldwide recognition and stardom.

**ANSWER:** Defendant admits the allegations set forth in paragraph 28.

29. On April 15, 2011, Lady Gaga released her album entitled "Born This Way," featuring the second-released single "Judas." The album and song "Judas", were released worldwide and were instant hits, topping various airplay and sales charts, and driving sales of millions of albums. Since then, Lady Gaga has recorded and performed the work "Judas" throughout the world before live audiences, as well as on the HBO special, "Monster's Ball."

**ANSWER:** Defendant admits that the album "Born This Way" was commercially released in April 2011 and that the album contained the song, "Judas," which was released as a

7

single. Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations that Lady Gaga performed "Judas" throughout the world before live audiences and on the HBO special, "Monster's Ball." Defendant denies the remaining allegations set forth in paragraph 29.

30. On information and belief, Defendants Lady Gaga, Interscope, Universal, and DJ White Shadow and Gaynor each contributed to the creation of the musical composition, "Judas."

**ANSWER:** Defendant denies all allegations set forth in paragraph 30 as they relate to Defendant. Defendant lacks sufficient information and knowledge to answer, and therefore denies, the remaining allegations set forth in paragraph 30.

31. On information and belief, each Defendant and Lady Gaga, were aware of, participated in, and contributed to the exploitation of the musical composition "Judas," including the marketing, distribution, and exploitation of "Judas" in the United States and including in the Northern District of Illinois, through sales of CDs, digital downloads, radio and television airplay, live performances and otherwise.

**ANSWER:** Defendant admits that it participated in the exploitation of the musical composition "Judas" in the United States. Defendant lacks sufficient information and knowledge to answer, and therefore denies, the remaining allegations set forth in paragraph 31.

32. On information and belief, Defendants, together and individually, have earned millions of dollars in revenues through their exploitation of "Judas" and continue to actively exploit the work worldwide through sales of CDs, radio and television airplay, and otherwise.

**ANSWER:** Defendant admits that the song "Judas" remains available for sale. Defendant denies all remaining allegations set forth in paragraph 32.

33. On information and belief, Lady Gaga copied and incorporated substantial, original portions of Plaintiffs song, "Juda," in Defendants' musical composition and sound

8

recording, "Judas." There is a substantial similarity between the two songs due to Defendants' copying.

**ANSWER:** Defendant denies all allegations set forth in paragraph 33.

34. Defendants never sought or obtained Plaintiff's permission to copy, duplicate, perform, or otherwise use Plaintiff's song "Juda" in Lady Gaga's composition and sound recording, "Judas," or at all.

**ANSWER:** Defendant admits that it never sought permission to copy, duplicate, perform, or otherwise use Plaintiff's song "Juda" in Lady Gaga's composition and sound recording, "Judas," but avers that no such permission was necessary because Defendant did not copy, duplicate, perform, or otherwise use Plaintiff's song "Juda" in Lady Gaga's composition and sound recording, "Judas."

35. Defendants' copying, duplication, use, performance, and exploitation of "Juda" in the composition and sound recording of "Judas" constitute infringement of Plaintiff's copyright in the composition "Juda."

**ANSWER:** Defendant denies all allegations set forth in paragraph 35.

## **CLAIM FOR RELIEF**
### **COPYRIGHT INFRINGEMENT**

1-35. Plaintiff realleges paragraphs 1-35 above and incorporates those allegations as its paragraphs 1-35 of this Claim for Relief.

**ANSWER:** Defendant incorporates by reference and realleges as if fully set forth herein its answers to the allegations set forth in paragraphs 1 through 35 of this Complaint.

36. Plaintiff is, and at all material times hereto has been, the owner of the copyright in the musical composition "Juda" and is entitled and authorized to protect her composition against copyright infringement, including the enforcement of copyright actions. Plaintiff secured the exclusive rights under 17 U.S.C. § 106, among others, to "reproduce the copyrighted work in

9

copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to "perform the copyrighted work publicly."

**ANSWER:** Defendant lacks sufficient information and knowledge to answer, and therefore denies, the allegations set forth in paragraph 36.

37. Since at least April 2011, Defendants have infringed, and are continuing to infringe upon Plaintiff's copyright in the song "Juda," including by copying, preparing a derivative work, reproducing, causing, contributing to, and participating in the unauthorized copying, preparing a derivative work, reproduction, and use of the musical composition "Juda" in Lady Gaga's composition and sound recording of "Judas" and causing same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in the Northern District of Illinois.

**ANSWER:** Defendant denies all allegations set forth in paragraph 37.

38. Plaintiff did not authorize Defendants to copy, reproduce, perform, or use the composition "Juda" in Lady Gaga's composition, performance or sound recording, "Judas," or at all. Defendants did not seek or obtain any permission, consent, or license from Plaintiff for the copying, reproduction, performance, or use of the composition "Juda" in the composition and sound recording, "Judas" or in any uses thereof that were made or authorized by Defendants, or at all.

**ANSWER:** Defendant admits that Plaintiff did not authorize Defendant to copy, reproduce, perform, or use the composition "Juda" in Lady Gaga's composition, performance or sound recording, "Judas," or at all, but avers that no such authorization was necessary because Defendant did not copy, reproduce, perform, or use the composition "Juda" in Lady Gaga's composition, performance or sound recording, "Judas," or at all.

39. Defendants have infringed on Plaintiff's exclusive rights by:

(a) Reproducing Plaintiff's copyrighted work in copies or phonorecords in violation of 17 U.S.C. § 106(1);

(b) Preparing derivative works based on Plaintiff's copyrighted work in violation of 17 U.S.C. § 106(2);

10

   (c) Distributing copies or phonorecords of Plaintiff's copyrighted work and derivative work to the public by sale or other transfer of ownership, or by rental, lease, or lending in violation of 17 U.S.C. § 106(3);

   (d) Performing Plaintiff's copyrighted work or a derivative thereof publicly in violation of 17 U.S.C. § 106(4); and

   (e) Performing Plaintiff's copyrighted work and derivative work publicly by means of a digital audio transmission in violation of 17 U.S.C. § 106(6).

  **ANSWER:** Defendant denies all allegations set forth in paragraph 39.

  40. Defendants failed to properly attribute the authorship of the song "Judas" to Plaintiff.

  **ANSWER:** Defendant admits that it did not attribute the authorship of the song "Judas" to Plaintiff, but avers that no such attribution was necessary because Defendant did not copy or otherwise use the composition "Juda" in Lady Gaga's composition, performance or sound recording, "Judas," or at all.

  41. Defendants' acts of infringement were done, and now continue to be done with knowledge that such actions constitute an infringement of Plaintiff's exclusive rights and are, therefore, willful.  At a minimum, Defendants acted in reckless disregard of Plaintiff's copyright.

  **ANSWER:** Defendant denies all allegations set forth in paragraph 41.

  42. As a result of their actions, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. § 501. Plaintiff suffered, and will continue to suffer, substantial damage to her professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504.  In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

  **ANSWER:** Defendant denies all allegations set forth in paragraph 42.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim against Defendant upon which relief may be granted.

2. Any harm alleged to have been suffered by Plaintiff is the result of acts or omissions on the part of persons over whom Defendant has no control.

**WHEREFORE**, UMG respectfully requests that this Court award judgment to UMG dismissing the Complaint in its entirety and awarding UMG its reasonable costs and attorneys' fees and such other relief as the Court may deem equitable, just, and proper.

Dated:  September 29, 2011	Respectfully submitted

 /s/ Andrew H. Bart
Andrew H. Bart
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022-3902

Christopher B. Lay
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456

*Attorneys for Defendant UMG Recordings, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **ANSWER** was served this 29th day of September, 2011 upon the following via the CM/ECF system:

Christopher W. Niro
William L. Niro
Niro, Haller & Niro
181 W. Madison St., Suite 4600
Chicago, IL 60602
(312) 236-0733 (tel)
(312) 236-3137 (fax)
cniro@nshn.com
wniro@nshn.com

Catherine J. Spector
Steven Ross Gilford
Proskauer Rose LLP (70W)
70 West Madison, Suite 3800
Chicago, IL 60602-4342
(312) 962-3550 (tel)
(312) 962-3551 (fax)
cspector@proskauer.com
sgilford@proskauer.com

Charles B Ortner
Sandra A. Crawshaw-Sparks
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000 (tel)
cortner@proskauer.com
scrawshaw@proskauer.com

Elvis D Gonzalez
Elvis D. Gonzalez, Ltd.
70 West Madison Street, #5050
Chicago, IL 60602
(312) 558-9779 (tel)
egonzalez@elvisgonzalezltd.com

Bryan Eliot Curry
John Joseph Bullaro, Jr.
Bullaro & Carton, P.C.
200 North LaSalle Street, Suite 2420
Chicago, IL 60601
(312)831-1000 (tel)
(312) 831-0647 (fax)
bcurry@bullarocarton.com
jbullaro@bullarocarton.com

By: /s/ Andrew H. Bart
    Andrew H. Bart
    JENNER & BLOCK LLP
    919 Third Avenue
    New York, NY 10022-3902
    212-891-1600 (tel)
    212-891-1699 (fax)