IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA FRANCESCATTI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEFANI JOANNE GERMANOTTA, an individual, a.k.a."Lady Gaga," INTERSCOPE RECORDS, UNIVERSAL MUSIC GROUP, INC., DJ WHITE SHADOW, LLC, and BRIAN JOSEPH GAYNOR, an individual,<br><br>Defendants. | Case No. 1:11-cv-5270<br><br>JURY TRIAL DEMANDED<br><br>Judge Blanche M. Manning<br>Magistrate Judge Jeffrey T. Gilbert |

## **INITIAL JOINT STATUS REPORT**

In compliance with this Court's Standing Order, the parties hereby submit the following Initial Joint Status Report:

1.  Plaintiff, Rebecca Francescatti filed her Complaint for Copyright Infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101, *et. seq.,* on August 3, 2011. Plaintiff claims violation of Plaintiff's exclusive rights by Defendants for:

    a.  Reproducing Plaintiff's copyrighted work in copies or phonorecords;

    b.  Preparing a derivative work based on Plaintiff's copyrighted work;

    c.  Distributing infringing copies of phonorecords;

    d.  Publicly performing Plaintiff's work or a derivative of the work; and

    e.  Publicly performing Plaintiff's work or derivative thereof by digital audio transmission.

    **2.** Defendants Stefani Joanne Germanotta "Germanotta"), UMG Recordings, Inc., erroneously sued herein as Interscope Records and Universal Music Group, Inc. ("UMG") and DJ White Shadow, LLC ("White Shadow") have answered the complaint denying the material

allegations contained therein, and asserting various affirmative defenses. Defendant Brian Joseph Gaynor's ("Gaynor") Answer to the Complaint is due November 21, 2011, but Defendant Gaynor will also deny the material allegations contained in the complaint, and assert various affirmative defenses. Defendant Gaynor may also assert counterclaims based upon Plaintiff's failure to credit him as a co-author of Plaintiff's work in issue ("Juda"), and three additional works co-authored by Plaintiff and Defendant Gaynor which are being exploited by Plaintiff. Plaintiff alleges that the co-authors of the musical composition and sound recording entitled "Judas" obtained access to and copied "Juda" through Defendant Gaynor and/or through Defendant White Shadow. Defendants assert, however, that "Judas" was created prior to any contact between Defendant White Shadow and the co-authors of "Judas", and that the co-authors of "Judas" have never had any contact with Defendant Gaynor. Defendants further assert that there is no substantial similarity between "Juda" and "Judas".

    3.    Plaintiff seeks:

        a.    Permanent Injunction;

        b.    Accounting for all sales of records and performances;

        c.    Accounting and turn-over to Plaintiff of all physical copies of the infringing works:

        d.    Damages based on Defendants' profits;

        e.    Alternatively, statutory damages for each infringement; and

        f.    Statutory costs and attorney's fees.

Plaintiff asserts that she cannot determine, at this time, the amount of damages recoverable. Plaintiff asserts that, generally, a successful Plaintiff is entitled to profits of the infringer or statutory damages if Plaintiff elects that remedy. Because copyright royalties

continue to flow to songwriters and publishers, Plaintiff would request an undiluted interest in the copyright on the infringing work for all future royalties.

Defendants seek: a dismissal of the complaint and all claims contained within it, with prejudice, costs and attorneys' fees as prevailing parties under the Copyright Act. Defendant Gaynor additionally anticipates seeking damages and injunctive relief predicated upon Plaintiff's failure to credit Defendant Gaynor as a co-author of "Juda" and three additional songs now being exploited by Plaintiff, and pay Defendant Gaynor his share of income from those songs.

4. The matter was referred to Magistrate Judge Jeffrey Gilbert for discovery motions, discovery supervision, Rule 26(f) discovery conference and settlement conference.

5. There are no pending motions or matters that require briefing. Defendants assert that discovery in this case should be bifurcated and/or phased into liability and damages phases. Plaintiff does not consent to doing so. Defendants, therefore, anticipate making a motion for bifurcation or a phasing of discovery so that liability discovery proceeds in advance of damages discovery (if any), and that Defendants be afforded the opportunity to file a dispositive motion on the issue of liability between the conclusion of liability discovery and the commencement of damages discovery. Defendants aver that there is no overlap of witnesses or documents in the two proposed phases of discovery, and that damages discovery is burdensome, time consuming and costly, and should be avoided unless necessary, particularly where, as here, the case for liability (and in particular, access) is meritless. Plaintiff respectfully disagrees with Defendants' assertions. Plaintiff asserts that Defendants' suggested procedure results in undue and unnecessary expense as well as a delay in a final resolution of the matter.

6. Discovery has not been commenced by any party. No depositions have been scheduled. In August, Plaintiff, at the request of counsel for Defendants Germanotta and UMG, voluntarily delivered to counsel a copy of the Plaintiff's copyrighted musical work and overlay

musical comparison documents created by Plaintiff's experts showing the basis for Plaintiff's claims – namely, the alleged identity and/or substantial similarity of the phrasing, pitch, rhythm, arrangement and literary intent of the two works.  Plaintiff requested Defendants' counsel to locate, preserve and make available for Plaintiff's experts the underlying music, sound files and data drives in the possession, custody or control of Defendants Germanotta and UMG.

Plaintiff contemplates deposing the individual Defendants and at least one Rule 30(b)(6) witness for each of the corporate Defendants.

Defendants assert that Plaintiff's "overlay musical comparison documents" fail to show any substantial similarity between "Juda" and "Judas".  Defendants anticipate deposing the plaintiff, plaintiff's experts, and non-party participants in the creation of "Judas" (at least one of which is not located in the United States).

7. There is currently no discovery cut-off date, pre-trial order filing date or trial date in place.

8. Although there may be Electronically Stored Information, no discussions have been engaged in as of this date.  Defendant Gaynor has not yet filed an answer in this case.  Consequently, counsel for the parties have not conducted a Rule 26(f) meeting.

9. The parties do not consent to trial by a Magistrate Judge.

10. The parties have not discussed settlement, essentially, since it is too early in the case.  Counsel for Plaintiff and Defendant Germanotta have discussed an open exchange of information to enable an early evaluation for determining the possibility of an amicable resolution to the case. To that end, Plaintiff's counsel provided the copyrighted recording and musical comparisons to counsel for Germanotta and UMG, in order to further delineate the nature and extent of the Plaintiff's claims.

Plaintiff asserts that, in order for settlement discussions to move forward, Defendants need to provide Plaintiff with the pertinent revenue information for the sales, licensing and performances of the allegedly infringing work.

Defendants assert that, given the failure of Plaintiff's theory of access, and the lack of any substantial (much less striking) similarity between "Juda" and "Judas", any settlement discussion will not be based upon revenue information respecting sales, licensing and/or performances of "Judas".

Respectfully submitted,

| | |
|---|---|
| */s/ William L. Niro* | */s/ Sandra A. Crawshaw-Sparks* |
| William L. Niro | *(signed with permission)* |
| Christopher W. Niro | Charles Ortner |
| NIRO, HALLER & NIRO | Sandra A. Crawshaw-Sparks |
| 181 W. Madison, Suite 4600 | PROSKAUER ROSE LLP |
| Chicago, IL 60602 | Eleven Times Square |
| Tel: (312) 236-0733 | New York, NY 10036 |
| wniro@nshn.com | Tel: (212) 969-3000 |
| cniro@nshn.com | cortner@proskauer.com |
| **Attorneys for Plaintiff, Rebecca Francescatti** | scrawshaw@proskauer.com |

Steven R. Gilford
Catherine J. Spector
PROSKAUER ROSE LLP
70 West Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
sgilford@proskauer.com
cspector@proskauer.com
***Attorneys for Stefani Joanne Germanotta***

*/s/ Elvis D. Gonzalez*
*(signed with permission)*
Elvis D. Gonzalez
ELVIS GONZALEZ, LTD.
Three First National Plaza
70 West Madison St., Suite 5050
Chicago, IL 60602
Tel: (312) 558-9779
egonzalez@elvisgonzalezltd.com
***Attorney for DJ White Shadow, LLC***

| | |
|---|---|
| */s/ Andrew H. Bart* | */s/ Bryan E. Curry* |
| *(signed with permission)* | *(signed with permission)* |
| Andrew H. Bart | John J. Bullaro, Jr. |
| JENNER & BLOCK | Bryan E. Curry |
| 919 Third Avenue – 37th Floor | BULLARO & CARTON PC |
| New York, NY 10022-3908 | 200 North LaSalle St., Suite 2420 |
| Tel: (212) 891-1600 | Chicago, IL 60601 |
| abart@jenner.com | Tel: (312) 831-1000 |
| | jbullaro@bullarocarton.com |
| Christopher B. Lay | bcurry@bullarocarton.com |
| JENNER & BLOCK | ***Attorneys for Brian Joseph Gaynor*** |
| 353 N. Clark Street | |
| Chicago, IL 60654 | |
| Tel: (312) 840-7295 | |
| clay@jenner.com | |
| ***Attorneys for UMG Recordings, Inc.*** | |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 13, 2011 the foregoing

**INITIAL JOINT STATUS REPORT**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

Steven R. Gilford
Catherine J. Spector
PROSKAUER ROSE LLP
70 West Madison St., Suite 3800
Chicago, IL 60602
Tel:   (312) 962-3550
Fax:   (312) 962-3551
sgilford@proskauer.com
cspector@proskauer.com

Charles Ortner
Sandra A. Crawshaw-Sparks
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel:   (212) 969-3000
Fax:   (212) 969-2900
cortner@proskauer.com
scrawshaw@proskauer.com
***Attorneys for Stefani Joanne Germanotta***


John J. Bullaro, Jr.
Bryan E. Curry
BULLARO & CARTON PC
200 North LaSalle St., Suite 2420
Chicago, IL 60601
Tel:   (312) 831-1000
Fax:   (312) 831-0647
jbullaro@bullarocarton.com
bcurry@bullarocarton.com
***Attorneys for Brian Joseph Gaynor***

Christopher B. Lay
JENNER & BLOCK
353 N. Clark Street
Chicago, IL 60654
Tel:   (312) 840-7295
Fax:   (312) 840-7395
clay@jenner.com

Andrew H. Bart
JENNER & BLOCK
919 Third Avenue – 37th Floor
New York, NY 10022-3908
Tel:   (212) 891-1600
Fax:   (212) 891-1699
abart@jenner.com
***Attorneys for UMG Recordings, Inc.***


Elvis D. Gonzalez
ELVIS GONZALEZ, LTD.
Three First National Plaza
70 West Madison St., Suite 5050
Chicago, IL 60602
Tel:   (312) 558-9779
Fax:   (312) 276-8119
egonzalez@elvisgonzalezltd.com
***Attorney for DJ White Shadow, LLC***


                                                 */s/ William L. Niro*
                                                 NIRO, HALLER & NIRO