**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| REBECCA FRANCESCATTI, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:11-cv-05270 |
| | ) | |
| v. | ) | |
| | ) | Honorable Blanche M. Manning |
| STEFANI JOANNE GERMANOTTA | ) | Magistrate Judge Jeffrey T. Gilbert |
| p/k/a LADY GAGA, INTERSCOPE RECORDS, | ) | |
| UNIVERSAL MUSIC GROUP, INC., | ) | ECF CASE |
| DJ WHITE SHADOW, LLC, and | ) | |
| BRIAN JOSEPH GAYNOR | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## GERMANOTTA'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant STEFANI JOANNE GERMANOTTA p/k/a LADY GAGA ("Defendant"), by her attorneys Proskauer Rose LLP, as and for her amended answer to the allegations set forth in the Complaint ("Complaint") of REBECCA FRANCESCATTI ("Plaintiff"), hereby states as follows:

### SUBJECT MATTER JURISDICTION

1.     This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* ("the Copyright Act").

**ANSWER:**     Defendant admits that Plaintiff's Complaint purports to institute an action for copyright infringement, and otherwise denies each and every allegation set forth in Paragraph 1 of the Complaint.

2.      This Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a) and (b).

**ANSWER:**      Paragraph 2 contains legal conclusions to which no response is required. To the extent Paragraph 2 is construed to include allegations of fact, Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

**VENUE**

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

**ANSWER:**      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and on that basis denies the same.

**PARTIES AND PERSONAL JURISDICTION**

4.      Plaintiff Rebecca Francescatti a.k.a. "Rebecca F." (hereafter "Rebecca" or "Plaintiff") is an accomplished composer and performing artist residing in Chicago, Illinois.

**ANSWER:**      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and on that basis denies the same.

5.      Defendant Stefani Joanne Germanotta, a.k.a. "Lady Gaga" ("Lady Gaga"), is an individual who, on information and belief, resides within the State of New York.  Defendant Germanotta is a well-known, popular media star performing under the name "Lady Gaga." Defendant Germanotta has performed in the Northern District of Illinois, other locations throughout the United States, and other countries.

**ANSWER:**      Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

2

6.      Defendant Interscope Records ("Interscope") is a major record label and a subsidiary of Defendant Universal Music Group, Inc., with its principle place of business in Santa Monica, California.  Defendant Interscope sells and distributes recorded music in the Northern District of Illinois, other locations throughout the United States, and other countries.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and on that basis denies the same.

7.      Defendant Universal Music Group, Inc. ("Universal") is an international company in the business of recording and publishing music, with its principle place of business in Los Angeles, California.  Defendant Universal develops, markets, sells, and distributes recorded music through a network of subsidiaries, including Defendant Interscope.  Defendant Universal sells and distributes recorded music in the Northern District of Illinois, other locations throughout the United States, and other countries.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and on that basis denies the same.

8.      Defendant DJ White Shadow, LLC ("DJ White Shadow"), is a limited liability company organized and existing under the laws of the State of Illinois.  Its primary business activity is writing, producing and performing musical compositions, recordings and arrangements.  The original Members of the limited liability company were Paul Blair, Co-Defendant Brian Joseph Gaynor ("Gaynor"), and Brian Lee.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and on that basis denies the same.

9.      Defendant Brian Joseph Gaynor ("Gaynor") is an individual who, upon information and belief, resides in the City of Chicago, Cook County, Illinois.

**ANSWER:**    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and on that basis denies the same.

## FACTS

10.     Plaintiff is an accomplished and well-known composer and performing artist who has been writing and performing her own songs in the Chicago metropolitan area since the late 1990s.  Plaintiff received a B.A. in English Literature and Philosophy from Miami University of Oxford, Ohio in 1996 and a M.A. in English Literature from DePaul University in 2003. Plaintiff now works in the publishing industry and is completing a musical album focused on U.S. immigration social issues.

**ANSWER:**    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and on that basis denies the same.

11.     In 1999, Grammy Award-winning R & B singer/songwriter R. Kelly signed Plaintiff to a development contract with his vanity label Rockland Records, which is now known as Interscope Records.

**ANSWER:**    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and on that basis denies the same.

12.     Since 1999, Plaintiff has toured the Chicago music scene as both a solo singer/songwriter performer and as lead singer and manager of several rock bands, most notably "Rebecca F. & the Memes," all of which featured performance of her original songs.  Plaintiff's songs have been broadcast on both national and local radio stations and have been featured in film soundtracks.  In 2010, Chicago Access Network Television (CAN-TV) broadcast the live in-studio performance of over 30 songs written by Plaintiff for the show, "Rock Chicago."

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 12 of the Complaint, and on that basis denies

the same.


13.     During the recording of her album, *It's All About You,* in 1999, Plaintiff was
employed as adjunct faculty at Robert Morris College, now Robert Morris University, where she
taught English and Communication.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 13 of the Complaint, and on that basis denies

the same.


14.     At times herein, Plaintiff is and was the author, composer, owner, publisher,
and/or administrator of copyrights in and for certain musical compositions and exploited such
copyrights through use of the compositions in audio and video recordings and public
performances.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 14 of the Complaint, and on that basis denies

the same.


15.     In or about 1999, Plaintiff created, composed, authored, wrote and performed the
original musical composition entitled "Juda," which consists wholly of original material and was
and is copyrightable subject matter under the laws of the United States.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 15 of the Complaint, and on that basis denies

the same.

16.     In 1999, Plaintiff registered and recorded with the United States Copyright Office the copyright in the musical composition "Juda."

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and on that basis denies the same.

17.     Plaintiff owns all right, title and interest in and to United States Copyright Certificate of Registration for the album entitled "Volume I," which contains the original version of the song, "Juda," Registration No. SRu000407418, effective June 28, 1999, and has standing to sue for enforcement of that copyright. A true and correct copy of the public catalog record from the United States Copyright Office for Registration No. SRu000407418 is attached as Exhibit A. Also included in Exhibit A is Plaintiff's BMI work registration certificate for the song "Juda" dated October 13, 2000.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and on that basis denies the same.

18.     Plaintiff owns all right, title and interest in and to United States Copyright Certificate of Registration for the album "EP-2005," which contains an updated version of the song, "Juda," Registration No. SRu000576634, effective April 15, 2005, and has a standing to sue for enforcement of that copyright. A true and correct copy of the Certificate of Registration No. SRu000576634 is attached as Exhibit B.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and on that basis denies the same.

6

19.     From the date of creation through the date of registration, Plaintiff has complied in all respects with the Copyright Act and the copyright for this work has been registered in accordance with the Act and all other laws governing copyrights as indicated by the Certificate of Registration.  Plaintiff has secured the exclusive right and privileges in and to the identified copyright and received from the Register of Copyrights the appropriate Certificate of Registration.  The certificates constitute prima facie evidence of the validity of those copyrights.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and on that basis denies the same.

20.     Plaintiff's sound recording of "Juda" has been distributed and sold through record stores, internet on-line sites, including iTunes and CD Baby, as well as other outlets, and has been played at live performances throughout the Northern District of Illinois.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and on that basis denies the same.

21.     Gaynor is one of the original members of DJ White Shadow.  Upon information and belief, Gaynor is a bass player, sound engineer and mixer, but not a songwriter.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and on that basis denies the same.

22.     In or about 2004, Plaintiff met Gaynor at Alien Studios in Chicago, when Gaynor, an employee of the studio, was assigned to work a recording session that Plaintiff had scheduled. During this session, Plaintiff performed her original songs in full to a click track, or metronome, to create "scratch" or "guide" tracks for her upcoming album, *It's All About You.*

**ANSWER:**    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and on that basis denies the same.

23.    In or about 2005, Gaynor engineered the Plaintiff's album, *It's All About You,* featuring Plaintiff's re-recording of "Juda," which Plaintiff released in 2006.

**ANSWER:**    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and on that basis denies the same.

24.    Gaynor's work on "Juda" allowed him to have access to the musical tracks and composition of "Juda" and Gaynor had full knowledge of Plaintiff s copyright of the work.  After completing work on Plaintiff's album *It's All About You,* including the remake version of "Juda," Gaynor maintained master recordings of each of Plaintiff s songs on that album.

**ANSWER:**    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and on that basis denies the same.

25.    In or about May 2010, and at all times relevant, Plaintiff contacted Gaynor to seek his assistance in mixing a new song for a charity event.  During their communication, Gaynor informed Plaintiff that he had been working with Defendant Lady Gaga.

**ANSWER:**    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and on that basis denies the same.

26.     In an email dated May 1, 2010, Gaynor informed Plaintiff that he provided several songs to Lady Gaga, on which Lady Gaga recorded her vocals and then sent them back to Gaynor through iChat.  Gaynor explained that he would be leaving for France on May 19, 2010 to join Lady Gaga "on tour and [to] finish the records," all of which was "paid for by the label."

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and on that basis denies the same, except as follows: Defendant denies that Gaynor provided several songs to her, that she recorded her vocals and sent them back to Gaynor through iChat, and that Gaynor joined her on tour.  Defendant further denies ever having communicated with or met Gaynor.

27.     Gaynor stated that he "played bass, keys, co-wrote, engineered, and co-produc[ed]" three tracks on Lady Gaga's new album entitled "Born This Way," which features the single "Judas."  DJ White Shadow, a company in which Gaynor is a member, has claimed to have written 17 of Lady Gaga's 20 songs on the "Born This Way" album.

**ANSWER:**     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and on that basis denies the same, except that Defendant admits that she collaborated with DJ White Shadow on certain songs on the "Born This Way" album.

28.     Lady Gaga is an immensely popular media star who has recorded and performed numerous hit songs and has achieved worldwide recognition and stardom.

**ANSWER:**     Defendant admits the allegations set forth in Paragraph 28 of the Complaint.

29.     On April 15, 2011, Lady Gaga released her album entitled "Born This Way," featuring the second-released single "Judas."  The album and song "Judas" were released worldwide and were instant hits, topping various airplay and sales charts, and driving sales of

millions of albums. Since then, Lady Gaga has recorded and performed the work "Judas" throughout the world before live audiences, as well as on the HBO special, "Monster's Ball."

**ANSWER:** Defendant denies that the album "Born This Way" was commercially released on April 15, 2011. Defendant admits that the album "Born This Way" contained the song, "Judas." Defendant admits that the album and the song "Judas," achieved popularity. Defendant admits that the album "Born This Way" was extensively sold. Defendant admits that she has performed the song "Judas" numerous times before live audiences. Defendant denies the remaining allegations set forth in Paragraph 29 of the Complaint.

30. On information and belief, Defendants Lady Gaga, Interscope, Universal, and DJ White Shadow and Gaynor each contributed to the creation of the musical composition, "Judas."

**ANSWER:** Defendant admits that she contributed to the creation of the musical composition, "Judas." Defendant otherwise denies each and every remaining allegation in Paragraph 30 of the Complaint.

31. On information and belief, each Defendant and Lady Gaga, were aware of, participated in, and contributed to the exploitation of the musical composition "Judas," including the marketing, distribution, and exploitation of "Judas" in the United States and including in the Northern District of Illinois, through sales of CDs, digital downloads, radio and television airplay, live performances and otherwise.

**ANSWER:** Defendant admits that she was aware of, participated in, and contributed to the exploitation of the musical composition "Judas." Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 of the Complaint, and on that basis denies the same, except that Defendant denies

10

that DJ White Shadow and Gaynor did anything with respect to the musical composition

"Judas."


32.     On information and belief, Defendants, together and individually, have earned
millions of dollars in revenues through their exploitation of "Judas" and continue to actively
exploit the work worldwide through sales of CDs, radio and television airplay, and otherwise.

**ANSWER:**     Defendant admits that she earned revenues through her exploitation of

"Judas" and continues to actively exploit the work worldwide.  Defendant denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in

Paragraph 32 of the Complaint, and on that basis denies the same, except that Defendant denies

that DJ White Shadow and Gaynor did anything with respect to the musical composition

"Judas."


33.     On information and belief, Lady Gaga copied and incorporated substantial,
original portions of Plaintiff's song, "Juda," in Defendants' musical composition and sound
recording, "Judas."  There is a substantial similarity between the two songs due to Defendants'
copying.

**ANSWER:**     Defendant denies each and every allegation set forth in Paragraph 33 of

the Complaint.


34.     Defendants never sought or obtained Plaintiff's permission to copy, duplicate,
perform, or otherwise use Plaintiff's song "Juda" in Lady Gaga's composition and sound
recording, "Judas," or at all.

**ANSWER:**     Defendant admits that she never sought Plaintiff's permission to copy,

duplicate, perform or otherwise use Plaintiff's song "Juda," but avers that no such permission

was necessary since Defendant did not copy, duplicate, perform or otherwise use Plaintiff's song

"Juda" in her composition and sound recording, "Judas," or at all.  Defendant denies the

remaining allegations in Paragraph 34 of the Complaint.


35.     Defendants' copying, duplication, use, performance, and exploitation of "Juda" in
the composition and sound recording of "Judas" constitute infringement of Plaintiff's copyright
in the composition "Juda."

**ANSWER:**   Defendant denies each and every allegation set forth in Paragraph 35 of

the Complaint.


## CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

1-35.   Plaintiff realleges paragraphs 1-35 above and incorporates those allegations as its
paragraphs 1-35 of this Claim for Relief.

**ANSWER:**   Defendant repeats and reincorporates her responses contained in

Paragraphs 1 through 35 of this Amended Answer as though fully set forth herein.


36.     Plaintiff is, and at all material times hereto has been, the owner of the copyright in
the musical composition "Juda" and is entitled and authorized to protect her composition against
copyright infringement, including the enforcement of copyright actions.  Plaintiff secured the
exclusive rights under 17 U.S.C. § 106, among others, to "reproduce the copyrighted work in
copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to
"perform the copyrighted work publicly."

**ANSWER:**   Defendant denies knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 36 of the Complaint, and on that basis denies

the same.

37.     Since at least April 2011, Defendants have infringed, and are continuing to infringe upon Plaintiff's copyright in the song "Juda," including by copying, preparing a derivative work, reproducing, causing, contributing to, and participating in the unauthorized copying, preparing a derivative work, reproduction, and use of the musical composition "Juda" in Lady Gaga's composition and sound recording of "Judas" and causing same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in the Northern District of Illinois.

**ANSWER:**     Defendant denies each and every allegation set forth in Paragraph 37 of the Complaint.

38.     Plaintiff did not authorize Defendants to copy, reproduce, perform, or use the composition "Juda" in Lady Gaga's composition, performance or sound recording, "Judas," or at all.  Defendants did not seek or obtain any permission, consent, or license from Plaintiff for the copying, reproduction, performance, or use of the composition "Juda" in the composition and sound recording, "Judas" or in any uses thereof that were made or authorized by Defendants, or at all.

**ANSWER:**     Defendant admits that Plaintiff did not authorize Defendant to copy, reproduce, perform or use the composition "Juda," in her composition, performance or sound recording, "Judas," or at all, but avers that no such authorization, permission, consent, or license from Plaintiff was necessary since Defendant did not copy, reproduce, perform or use the composition "Juda," in her composition, performance or sound recording, "Judas," or at all. Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39.     Defendants have infringed on Plaintiff's exclusive rights by:
a.  Reproducing Plaintiff's copyrighted work in copies or phonorecords in violation of 17 U.S.C. § 106(1);
b.  Preparing derivative works based on Plaintiffs copyrighted work in violation of 17 U.S.C. § 106(2);
c.  Distributing copies or phonorecords of Plaintiff's copyrighted work and derivative work to the public by sale or other transfer of ownership, or by rental, lease, or lending in violation of 17 U.S.C. § 106(3);
d.  Performing Plaintiff's copyrighted work or a derivative thereof publicly in violation of 17 U.S.C. § 106(4); and

13

      e.   Performing Plaintiff's copyrighted work and derivative work publicly by means of a digital audio transmission in violation of 17 U.S.C. § 106(6).

**ANSWER:** Defendant denies each and every allegation set forth in Paragraph 39 of the Complaint.

40.    Defendants failed to properly attribute the authorship of the song "Judas" to Plaintiff.

**ANSWER:**    Defendant admits that she did not attribute the authorship of the song "Judas" to Plaintiff, but avers that no such attribution was necessary because Defendant did not copy, reproduce, perform or use the composition "Juda," in her composition, performance or sound recording, "Judas," or at all. Defendant denies each and every remaining allegation set forth in Paragraph 40 of the Complaint.

41.    Defendants' acts of infringement were done, and now continue to be done with knowledge that such actions constitute an infringement of Plaintiff's exclusive rights and are, therefore, willful. At a minimum, Defendants acted in reckless disregard of Plaintiff s copyright.

**ANSWER:**    Defendant denies each and every allegation set forth in Paragraph 41 of the Complaint.

42.    As a result of their actions, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. § 501. Plaintiff suffered, and will continue to suffer, substantial damage to her professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

**ANSWER:**      Defendant denies each and every allegation set forth in Paragraph 42 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim against the Defendant upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

### Third Defense

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

### Fourth Defense

The use by the Defendant of any allegedly copyrighted or other material owned and/or controlled by Plaintiff (of which Defendant asserts that there was none) in any event, constitutes a fair use.

### Fifth Defense

Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## Sixth Defense

Plaintiff has failed to join necessary and indispensible parties to this action.

## Seventh Defense

Any alleged infringement of Plaintiff's alleged rights (of which Defendant asserts that there was none) in any event, was undertaken in innocently.

## Eighth Defense

Plaintiff's claims are barred by the doctrine of independent creation.

## Ninth Defense

Plaintiff has failed to mitigate her alleged damages, and therefore is entitled to no relief, or to reduced relief.

## Tenth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

## Eleventh Defense

Plaintiff's claims are barred in whole or in part by the principles of consent, acquiescence, novation, and/or legal justification.

## RESERVATION OF RIGHTS AND ADDITIONAL DEFENSES

Defendant reserves the right to raise any additional defenses, affirmative or otherwise, which may become apparent through discovery during the course of this action, and reserves the right to amend her Answer to assert any such defenses.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment against the Plaintiff:

(1) dismissing the Complaint, with prejudice;

(2) denying the relief requested by Plaintiff;

(3) awarding Defendant her costs, expenses, attorneys' fees and disbursements in connection with the defense of this action; and

(4) granting her such other and further relief as this Court deems just and proper.

Dated: October 19, 2011       Respectfully submitted,

By: _/s/ Steven R. Gilford_
    Steven R. Gilford

    Steven R. Gilford (IL Bar No. 3121730)
    Catherine J. Spector (IL Bar No. 6287459)
    PROSKAUER ROSE LLP
    Three First National Plaza
    70 W. Madison, Ste. 3800
    Chicago, Illinois 60602-4342
    Telephone: (312) 962-3507

17

Telephone: (312) 962-3550
Facsimile (312) 962-3551
Email: sgilford@proskauer.com
Email: cspector@proskauer.com

*-and-*

Charles B. Ortner *(admitted pro hac vice)*
Sandra A. Crawshaw-Sparks  *(admitted pro hac vice)*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: cortner@proskauer.com
Email: scrawshaw@proskauer.com
*Attorneys for Defendant Stefani Germanotta*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing documents via the Court's CM/ECF system on this 19th day of October, 2011.

/s/ Steven R. Gilford
Steven R. Gilford