IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA FRANCESCATTI, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 C 5270 |
| | ) | |
| STEFANI JOANNE GERMANOTTA, an individual, a.k.a. "Lady Gaga," INTERSCOPE RECORDS, UNIVERSAL MUSIC GROUP, INC., DJ WHITE SHADOW, LLC, and BRIAN JOSEPH GAYNOR, an individual, | ) ) ) ) ) ) | Judge Blanch M. Manning<br><br>Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

## DJ WHITE SHADOW, LLC'S AMENDED ANSWER TO COMPLAINT

Defendant, DJ White Shadow, LLC ("DJWS"), by and through its attorneys, Elvis Gonzalez, Ltd., for its Amended Answer to the Complaint of Plaintiff, Rebecca Francescatti, states as follows.

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §101, *et seq*. ("the Copyright Act").

**ANSWER:**

The allegations contained in Paragraph 1 constitute legal conclusions to which no answer is required. To the extent Paragraph 1 is construed to include allegations of fact, DJWS denies said allegations.

2. This Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a) and (b).

**ANSWER:**

The allegations contained in Paragraph 2 constitute legal conclusions to which no answer

is required. To the extent Paragraph 2 is construed to include allegations of fact, DJWS denies said allegations.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

**ANSWER:**

The allegations contained in Paragraph 3 constitute legal conclusions to which no answer is required. To the extent Paragraph 3 is construed to include allegations of fact, DJWS denies said allegations.

4. Plaintiff Rebecca Francescatti a.k.a. "Rebecca F." (hereafter "Rebecca" or "Plaintiff") is an accomplished composer and performing artist residing in Chicago, Illinois.

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 4, and on that basis, denies the same and demands strict proof thereof.

5. Defendant Stefani Joanne Germanotta, a.k.a. "Lady Gaga" ("Lady Gaga") is an individual who, on information and belief, resides within the state of New York. Defendant Germanotta is a well-known, popular media star performing under the name "Lady Gaga." Defendant Germanotta has performed in the Northern District of Illinois, other locations throughout the United States, and other countries.

**ANSWER:**

DJWS admits the allegations contained in Paragraph 5.

6. Defendant Interscope Records ("Interscope") is a major record label and a subsidiary of Defendant Universal Music Group, Inc., with its principal place of business in Santa Monica, California. Defendant Interscope sells and distributes recorded music in the

Northern District of Illinois, other locations throughout the United States, and other countries.

**ANSWER:** DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 6, and on that basis, denies the same and demands strict proof thereof.

7. Defendant Universal Music Group, Inc. ("Universal") is an international company in the business of recording and publishing music, with its principal place of business in Los Angeles, California. Defendant Universal develops, markets, sells, and distributes recorded music through a network of subsidiaries, including Defendant Interscope. Defendant Universal sells and distributes recorded music in the Northern District of Illinois, other locations throughout the United States, and other countries.

**ANSWER:** DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 7, and on that basis, denies the same and demands strict proof thereof.

8. Defendant DJ White Shadow, LLC ("DJ White Shadow"), is a limited liability company organized and existing under the laws of the State of Illinois. Its primary business activity is writing, producing and performing musical compositions, recordings and arrangements. The original Members of the limited liability company were Paul Blair, Co-Defendant Brian Joseph Gaynor ("Gaynor"), and Brian Lee.

**ANSWER:**

DJWS admits the allegations in Paragraph 8.

9. Defendant Brian Joseph Gaynor ("Gaynor") is an individual who, upon information and belief, resides in the City of Chicago, Cook County, Illinois.

**ANSWER:**

DJWS admits the allegations contained in Paragraph 9.

10. Plaintiff is an accomplished and well-known composer and performing artist who has been writing and performing her own songs in the Chicago metropolitan area since the late 1990's. Plaintiff received a B.A. in English Literature and Philosophy from Miami University of Oxford, Ohio in 1996 and a M.A. in English Literature from DePaul University in 2003. Plaintiff now works in the publishing industry and is completing a musical album focused on U.S. immigration social issues.

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 10, and on that basis, denies the same and demands strict proof thereof.

11. In 1999, Grammy Award-winning R & B singer/songwriter R. Kelly signed Plaintiff to a development contract with his vanity label Rockland Records, which is now known as Interscope Records.

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 11, and on that basis, denies the same and demands strict proof thereof.

12. Since 1999, Plaintiff has toured the Chicago music scene as both a solo singer/songwriter performer and as lead singer and manager of several rock bands, most notably "Rebecca F. & the Memes," all of which featured performance of her original songs. Plaintiff's songs have been broadcast on both national and local radio stations and have been featured in

film soundtracks. In 2010, Chicago Access Network Television (CAN-TV) broadcast the live in-studio performance of over 30 songs written by Plaintiff's for the show, "Rock Chicago."

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 12, and on that basis, denies the same and demands strict proof thereof.

13. During the recording of her album, *It's All About You*, in 1999, Plaintiff was employed as adjunct faculty at Robert Morris College, now Robert Morris University, where she taught English and Communication.

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 13, and on that basis, denies the same and demands strict proof thereof.

14. At times herein, Plaintiff is and was the author, composer, owner, publisher, and/or administrator of copyrights in and for certain musical compositions and exploited such copyrights through use of the compositions in audio and video recordings and public performances.

**ANSWER:**

The allegations contained in Paragraph 14 constitute legal conclusions to which no answer is required. To the extent Paragraph 14 is construed to include allegations of fact, DJWS denies said allegations.

15. In or about 1999, Plaintiff created, composed, authored, wrote and performed the original musical composition entitled "Juda", which consists wholly of original material and was

and is copyrightable subject matter under the laws of the United States.

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 15, and on that basis, denies the same and demands strict proof thereof.

16. In 1999, Plaintiff registered and recorded with the United States Copyright Office the copyright in the musical composition "Juda."

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 16, and on that basis, denies the same and demands strict proof thereof.

17. Plaintiff owns all right, title and interest in and to United States Copyright Certificate of Registration for the album entitled "Volume I," which contains the original version of the song, "Juda," Registration No. SRu000407418, effective June 28, 1999, and has standing to sue for enforcement of that copyright. A true and correct copy of the public catalog record from the United States Copyright Office for Registration No. SRu000407418 is attached as Exhibit A. Also included in Exhibit A is Plaintiff's BMI work registration certificate for the song "Juda" dated October 13, 2000.

**ANSWER:**

The allegations contained in Paragraph 17 constitute legal conclusions to which no answer is required. To the extent Paragraph 17 is construed to include allegations of fact, DJWS denies said allegations.

18. Plaintiff owns all right, title and interest in and to United States Copyright

Certificate of Registration for the album "EP-2005," which contains an updated version of the song, "Juda," Registration No. SRu000576634, effective April 15, 2005, and has standing to sue for enforcement of that copyright. A true and correct copy of the Certificate of Registration No. SRu000576634 is attached as Exhibit B.

**ANSWER:**

The allegations contained in Paragraph 18 constitute legal conclusions to which no answer is required. To the extent Paragraph 18 is construed to include allegations of fact, DJWS denies said allegations.

19. From the date of creation through the date of registration, Plaintiff has complied in all respects with the Copyright Act and the copyright for this work has been registered in accordance with the Act and all other laws governing copyrights as indicated by the Certificate of Registration. Plaintiff has secured the exclusive right and privileges in and to the identified copyright and received from the Register of Copyrights the appropriate Certificate of Registration. The certificates constitute prima facie evidence of the validity of those copyrights.

**ANSWER:**

The allegations contained in Paragraph 19 constitute legal conclusions to which no answer is required. To the extent Paragraph 19 is construed to include allegations of fact, DJWS denies said allegations.

20. Plaintiff's sound recording of "Juda" has been distributed and sold through record stores, internet on-line sites, including iTunes and CD Baby, as well as other outlets, and has been played at live performances throughout the Northern District of Illinois.

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or

falsity of the allegations in Paragraph 20, and on that basis, denies the same and demands strict proof thereof.

21.     Gaynor is one of the original members of DJ White Shadow.  Upon information and belief, Gaynor is a bass player, sound engineer and mixer, but not a songwriter.

**ANSWER:**

DJWS admits that Gaynor was one of the original members of DJWS and that he is a sound engineer and mixer.  DJWS further admits that Gaynor is a musician, but has insufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6, and on that basis denies the same and demands strict proof thereof.

22.     In or about 2004, Plaintiff met Gaynor at Alien Studios in Chicago, when Gaynor, an employee of the studio, was assigned to work a recording session that Plaintiff had scheduled. During this session, Plaintiff performed her original songs in full to a click track, or metronome, to create "scratch" or "guide" tracks for her upcoming album, *It's All About You*.

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 22, and on that basis, denies the same and demands strict proof thereof.

23.     In or about 2005, Gaynor engineered the Plaintiff's album, *It's All About You*, featuring Plaintiff's re-recording of "Juda," which Plaintiff released in 2006.

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 23, and on that basis, denies the same and demands strict proof thereof.

24. Gaynor's work on "Juda" allowed him to have access to the musical tracks and composition of "Juda" and Gaynor had full knowledge of Plaintiff's copyright of the work. After completing work on Plaintiff's album *It's All About You*, including the remake version of "Juda," Gaynor maintained master recordings of each of Plaintiff's songs on that album.

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 24, and on that basis, denies the same and demands strict proof thereof.

25. In or about May 2010, and at all times relevant, Plaintiff contacted Gaynor to seek his assistance in mixing a new song for a charity event. During their communication, Gaynor informed Plaintiff that he had been working with Defendant Lady Gaga.

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 25, and on that basis, denies the same and demands strict proof thereof.

26. In an email dated May 1, 2010, Gaynor informed Plaintiff that he provided several songs to Lady Gaga, on which Lady Gaga recorded her vocals and then sent them back to Gaynor through iChat. Gaynor explained that he would be leaving for France on May 19, 2010 to join Lady Gaga "on tour and [to] finish the records," all of which was "paid for by the label."

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 26, and on that basis, denies the same and demands strict proof thereof.

27. Gaynor stated that he "played bass, keys, co-wrote, engineered, and co-produc[ed] three tracks on Lady Gaga's new album entitled "Born This Way," which features the single "Judas." DJ White Shadow, a company in which Gaynor is a member, has claimed to have written 17 of Lady Gaga's 20 songs on the "Born This Way" album.

**ANSWER:**

DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 27 pertaining to Gaynor's statements to Plaintiff, and on that basis, denies the same and demands strict proof thereof. DJWS admits that Gaynor is a member of DJWS, but denies the remaining allegations in Paragraph 27.

28. Lady Gaga is an immensely popular media star who has recorded and performed numerous hit songs and has achieved worldwide recognition and stardom.

**ANSWER:**

DJWS admits the allegations in Paragraph 28

29. On April 15, 2011, Lady Gaga released her album entitled "Born This Way," featuring the second-released single "Judas." The album and song "Judas" were released worldwide and were instant hits, topping various airplay and sales charts, and driving sales of millions of albums. Since then, Lady Gaga has recorded and performed the work "Judas" throughout the world before live audiences, as well as on the HBO special, "Monster's Ball."

**ANSWER:**

DJWS denies that "Born this Way" was released on April 15, 2011. DJWS admits that Lady Gaga performed the song "Judas" throughout the world before live audiences, and has insufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29, and on that basis denies the same and demands strict proof thereof.

30. On information and belief, Defendants Lady Gaga, Interscope, Universal, and DJ White Shadow and Gaynor each contributed to the creation of the musical composition, "Judas."

**ANSWER:**

DJWS denies that it, or its agents, contributed to the creation of the musical composition "Judas." DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30, and on that basis, denies the same and demands strict proof thereof.

31. On information and belief, each Defendant and Lady Gaga, were aware of, participated in, and contributed to the exploitation of the musical composition "Judas," including the marketing, distribution, and exploitation of "Judas" in the United States and including in the Northern District of Illinois, through sales of CDs, digital downloads, radio and television airplay, live performances and otherwise.

**ANSWER:**

DJWS admits that it was aware of the marketing and distribution of "Judas" in the United States, including in the Northern District, but denies participating in any such efforts. DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 31, and on that basis, denies the same and demands strict proof thereof.

32. On information and belief, Defendants, together and individually, have earned millions of dollars in revenues through their exploitation of "Judas" and continue to actively exploit the work worldwide through sales of CDs, radio and television airplay, and otherwise.

**ANSWER:**

DJWS denies that it has earned any money through the exploitation of "Judas." DJWS has insufficient knowledge and information to form a belief as to the truth or falsity of the

allegations in Paragraph 32, and on that basis, denies the same and demands strict proof thereof.

33. On information and belief, Lady Gaga copied and incorporated substantial, original portions of Plaintiff's song, "Juda," in Defendants' musical composition and sound recording, "Judas." There is a substantial similarity between the two songs due to Defendants' copying.

**ANSWER:**

DJWS denies the allegations contained in Paragraph 33.

34. Defendants never sought or obtained Plaintiff's permission to copy, duplicate, perform, or otherwise use Plaintiff's song "Juda" in Lady Gaga's composition and sound recording, "Judas," or at all.

**ANSWER:**

DJWS admits that it never sought or obtained Plaintiff's permission to copy, duplicate, perform, or otherwise use her song, "Juda," and further denies any copying, duplication, or performance thereof in connection with Lady Gaga's composition and sound recording, "Judas."

35. Defendants' copying, duplication, use, performance, and exploitation of "Juda" in the composition and sound recording of "Judas" constitute infringement of Plaintiff's copyright in the composition "Juda."

**ANSWER:**

DJWS denies the allegations contained in Paragraph 35.

36. Plaintiff is, and at all material times hereto has been, the owner of the copyright in the musical composition "Juda" and is entitled and authorized to protect her composition against copyright infringement, including the enforcement of copyright actions. Plaintiff secured the exclusive rights under 17 U.S.C. § 106, among others, to "reproduce the copyrighted work in

copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to "perform the copyrighted work publicly."

**ANSWER:**

The allegations contained in Paragraph 36 constitute legal conclusions to which no answer is required. To the extent Paragraph 36 is construed to include allegations of fact, DJWS denies said allegations.

37. Since at least April 2011, Defendants have infringed, and are continuing to infringe upon Plaintiff's copyright in the song "Juda," including by copying, preparing a derivative work, reproducing, causing, contributing to, and participating in the unauthorized copying, preparing a derivative work, reproduction, and use of the musical composition "Juda" in Lady Gaga's composition and sound recording of "Judas" and causing same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in the Northern District of Illinois.

**ANSWER:**

DJWS denies the allegations in Paragraph 37.

38. Plaintiff did not authorize Defendants to copy, reproduce, perform, or use the composition "Juda" in Lady Gaga's composition, performance or sound recording, "Judas," or at all. Defendants did not seek or obtain any permission, consent, or license from Plaintiff for the copying, reproduction, performance, or use of the composition "Juda" in the composition and sound recording, "Judas" or in any uses thereof that were made or authorized by Defendants, or at all.

**ANSWER:**

DJWS admits that it never sought or obtained Plaintiff's permission to copy, duplicate,

perform, or otherwise use her song, "Juda," and further denies any copying, duplication, or performance thereof in connection with Lady Gaga's composition and sound recording, "Judas."

39. Defendants have infringed on Plaintiff's exclusive rights by:

(a) Reproducing Plaintiff's copyrighted work in copies or phonorecords in violation of 17 U.S.C. § 106(1).

(b) Preparing derivative works based on Plaintiff's copyrighted work in violation of 17 U.S.C. § 106(2).

(c) Distributing copies of phonorecords of Plaintiff's copyrighted work and derivative work to the public by sale or other transfer of ownership, or by rental, lease, or lending in violation of 17 U.S.C. § 106(3).

(d) Performing Plaintiff's copyrighted work or a derivative thereof publicly in violation of 17 U.S.C. § 106(4); and

(e) Performing Plaintiff's copyrighted work and derivative work publicly by means of a digital audio transmission in violation of 17 U.S.C. § 106(6).

**ANSWER:**

DJWS denies each allegation contained in Paragraphs 39(a) – (e).

40. Defendants failed to properly attribute the authorship of the song "Judas" to Plaintiff.

**ANSWER:**

DJWS denies the allegations in Paragraph 40.

41. Defendants' acts of infringement were done, and now continue to be done with knowledge that such actions constitute an infringement of Plaintiff's exclusive rights and are, therefore, willful. At a minimum, Defendants acted in reckless disregard of Plaintiff's copyright.

**ANSWER:**

DJWS denies the allegations in Paragraph 41.

42. As a result of their actions, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. § 501. Plaintiff suffered, and will continue to suffer, substantial damage to her professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

**ANSWER:**

DJWS denies the allegations in Paragraph 42.

WHEREFORE, Defendant, DJ White Shadow, LLC denies that Plaintiff is entitled to any relief whatsoever, and respectfully prays that the Court enter judgment in its favor, and for such other and further relief as the Court deems just and equitable.

    Respectfully submitted,

    DJ WHITE SHADOW, LLC

    /s/ Elvis D. Gonzalez_____
    By: One of its attorneys

Elvis D. Gonzalez (ARDC NO. 6280115)
Stephanie E. Greenberg, *Of Counsel* (ARDC NO. 6303416)
ELVIS GONZALEZ, LTD.
Three First National Plaza
70 W. Madison Street, Suite 5050
Chicago, IL 60602
(312) 558-9779
egonzalez@elvisgonzalezltd.com
sgreenberg@elvisgonzalezltd.com
404416.3-11020.00200

## CERTIFICATE OF SERVICE

I, Elvis Gonzalez, an attorney, certify that on October 19, 2011, I caused the attached **Amended Answer to Complaint** to be filed and uploaded to the CM/ECF system, which will send electronic notification of persons listed to the following:

William L. Niro, Esq.
Christopher W. Niro, Esq.
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
wniro@nshn.com
cniro@nshn.com

Andrew H. Bart, Esq.
Christopher B. Lay, Esq.
JENNER & BLOCK, LLP
353 N. Clark Street
Chicago, IL 60654-3456

Bryan E. Curry, Esq.
John J. Bullaro, Jr.
BULLARO & CARTON, P.C.
200 North LaSalle Street, Suite 2420
Chicago, IL 60601
bcurry@bullarocarton.com
jbullaro@bullarocarton.com

Charles B. Ortner, Esq.
Sandra A. Crawshaw-Sparks, Esq.
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(312) 696-3000
cornter@proskauer.com
scrawshaw@proskauer.com

Catherine J. Spector, Esq.
Steven R. Gilford, Esq.
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, IL 60602
(312) 962-3550
cspector@proskauer.com
sgilford@proskauer.com

/s/ Elvis D. Gonzalez_____