107-8287                          BEC:pah                                    #91348

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA FANCESCATTI, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-05270 |
| | ) | Hon. Blanche M. Manning |
| STEFANI JONANNE GERMONATTA, an | ) | Magistrate Judge Jeffrey T. Gilbert |
| individual, a.k.a. "Lady Gaga", | ) | |
| INTERSCOPE RECORDS, UNIVERSAL | ) | |
| MUSIC GROUP, DJ WHITE SHADOW, | ) | |
| LLC, and BRIAN JOSEPH GAYNOR, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BRIAN JOSEPH GAYNOR'S
## ANSWER AND AFFIRMAIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant Brian Joseph Gaynor, by his attorneys Bryan E. Curry and John J. Bullaro, Jr.

of Bullaro & Carton, P.C., states as follows for his Answer and Affirmative Defenses to

Plaintiff's Complaint:

## SUBJECT MATTER JURISDICTION

1.    This is an action for copyright infringement arising under the Copyright Act of 1976, 17
      U.S.C. § 101, *et seq.* (the "Copyright Act").

## ANSWER:

No response is required for Paragraph 1.

2.    This Court has subject matter jurisdiction over this action pursuant to the provisions of 28
      U.S.C. §§ 1331 and 1338(a) and (b).

## ANSWER:

Paragraph 2 contains legal conclusions to which no response is required.

## VENUE

3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1392(b)(2) and 1400(a).

**ANSWER:**

Paragraph 3 contains legal conclusions to which no response is required.

## PARTIES AND PERSONAL JURISDICTION

4.    Plaintiff Rebecca Francescatti a.k.a Rebecca F. (hereafter "Rebecca" or "Plaintiff") is an accomplished composer and performing artist residing in Chicago, Illinois.

**ANSWER:**

This Defendant admits that Plantiff is a composer and performing artist residing in Chicago, but denies all remaining allegations in this Paragraph 4.

5.    Defendant Stefani Joanne Germonatta, a.k.a. "Lady Gaga" ("Lady Gaga"), is an individual who, on information and belief, resides within the State of New York. Defendant Germonatta is a well-known, popular media star performing under the name "Lady Gaga." Defendant Germonatta has performed in the Northern District of Illinois, other locations throughout the United States, and other countries.

**ANSWER:**

This Defendant admits only that Ms. Germonatta is a well-known, popular media star performing under the name "Lady Gaga," and that Lady Gaga performed in the Northern District of Illinois as a feature part of the 2010 Lollapalooza Festival held in Grant Park, Chicago, Illinois. This defendant lacks personal knowledge sufficient to form a belief as to the remaining allegations in this Paragraph and accordingly denies the same.

6.    Defendant Interscope Records ("Interscope") is a major record label and a subsidiary of Defendant Universal Music Group, Inc., with its principal place of business in Santa Monica, California. Defendant Interscope sells and distributes recorded music in the Northern District of Illinois, other locations throughout the United States, and other countries.

2

**ANSWER:**

This Defendant admits only that Interscope is a major record label, but lacks sufficient personal knowledge to form a belief as to the truth of the remaining allegations in this Paragraph and accordingly denies the same.

7.      Defendant Universal Music Group, Inc. ("Universal") is an international company in the business of recording and publishing music, with its principal place of business in Los Angeles, California. Defendant Universal develops, markets, sells, and distributes recorded music through a network of subsidiaries, including Defendant Interscope. Defendant Universal sells and distributes recorded music in the Northern District of Illinois, other locations throughout the United States, and other countries.

**ANSWER:**

This Defendant admits only that Universal is involved in the recorded music industry, but lacks sufficient personal knowledge to form a belief as to the truth of the remaining allegations in this Paragraph and accordingly denies the same.

8.      Defendant DJ White Shadow, LLC ("DJ White Shadow"), is a limited liability company organized and existing under the laws of the State of Illinois. Its primary business activity is writing, producing and performing musical compositions, recordings and arrangements. The original Members of the limited liability company were Paul Blair, Co-Defendant Brian Joseph Gaynor ("Gaynor"), and Brian Lee.

**ANSWER:**

This Defendant admits only that DJ White Shadow, LLC is an Illinois limited liability company and its three original members were Paul Blair, this Defendant and Brian Lee, and that one of its business activities involves writing, producing and performing musical compositions, recordings and arrangements. This Defendant denies the remaining allegations in this Paragraph.

9.      Defendant Brian Joseph Gaynor ("Gaynor") is an individual who, upon information and belief, resides in the City of Chicago, Cook County, Illinois.

**ANSWER:**

This Defendant admits the allegations in this Paragraph.

## FACTS

10. Plaintiff is an accomplished and well-known performing artist who has been writing and performing her own songs in the Chicago metropolitan area since the late 1990s. Plaintiff received a B.A. in English Literature and Philosophy from Miami University of Oxford, Ohio in 1996 and a M.A. in English Literature from DePaul University in 2003. Plaintiff now works in the publishing industry and is completing a musical album focused on U.S. immigration issues.

**ANSWER:**

This Defendant admits only, based on his personal knowledge, that the Plaintiff has been writing and performing songs in the Chicago metropolitan area since 2004, and that Plaintiff told him that she attended Miami University and DePaul University, but this Defendant lacks personal knowledge as to the truth of the remaining allegations of this Paragraph and accordingly denies the same.

11. In 1999, Grammy Award-winning R & B singer/songwriter R. Kelly signed Plaintiff to a development contract with his vanity label Rockland Records, which is now known as Interscope Records.

**ANSWER:**

This Defendant admits only that the Plaintiff previously told him that she had an opportunity to work with Robert Kelly, a.k.a. "R. Kelly." This Defendant denies that Rockland Records is now known as Interscope Records, and this Defendant lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and accordingly denies the same.

12. Since 1999, Plaintiff has toured the Chicago music scene both as a solo singer/songwriter performer and as lead singer and manager of several rock bands, most notably "Rebecca F and the Memes," all of which featured performance of her original songs. Plaintiff's songs have been broadcast on both national and local radio stations and have been featured in film soundtracks. In 2010, Chicago Access Network Television ("CAN-TV")

4

broadcast the live in-studio performance of over 30 songs written by Plaintiff for the show "Rock Show."

**ANSWER:**

This Defendant admits only that Plaintiff performed certain of her songs with the band "Rebecca F and the Memes" beginning in 2004, but this Defendant lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and accordingly denies the same.

13. During the recording of her album, *It's All About You*, in 1999, Plaintiff was employed as adjunct faculty at Robert Morris College, now Robert Morris University, where she taught English and Communication.

**ANSWER:**

This Defendant admits only that in 2004, he had personal knowledge that the Plaintiff worked at Robert Morris at that time, but this Defendant lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and accordingly denies the same.

14. At times herein, Plaintiff is and was the author, composer, owner, publisher, and/or administrator of copyrights in and for certain musical compositions and exploited such copyrights through the use of the compositions in audio and video recordings and public performances.

**ANSWER:**

This Defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and accordingly denies the same.

15. In or about 1999, Plaintiff created, composed, authored, wrote and performed the original musical composition entitled "Juda," which consists wholly of original material and was and is copyrightable subject matter under the laws of the United States.

**ANSWER:**

5

This Defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and accordingly denies the same.

16.     In 1999, Plaintiff registered and recorded with the United States Copyright Office the copyright in the musical composition "Juda."

**ANSWER:**

This Defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and accordingly denies the same.

17.     Plaintiff owns all right, title and interest in and to United States Copyright Certificate of Registration for the album entitled "Volume I," which contains the original version of the song "Juda," Registration No. SRu000407418, effective June 28, 1999, and has standing to sue for enforcement of that copyright. A true and correct copy of the public catalog record from the United States Copyright Office for Registration No. SRu000407418 is attached as Exhibit A. Also included in Exhibit A is Plaintiff's BMI work registration certificate for the song "Juda" dated October 13, 2000.

**ANSWER:**

This Defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and accordingly denies the same.

18.     Plaintiff owns all right, title and interest in and to United States Copyright Certificate of Registration for the album "EP-2005," which contains an updated version of the song, "Juda," Registration No. SRu000576634, effective April 15, 2005, and has a standing to sue for enforcement of that copyright. A true and correct copy of the Certificate of Registration No. SRu000576634 is attached as Exhibit B.

**ANSWER:**

This Defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and accordingly denies the same.

19.     From the date of creation through the date of registration, Plaintiff has complied in all respects with the Copyright Act and the copyright for this work has been registered in accordance with the Act and all other laws governing copyrights as indicated by the Certificate of Registration. Plaintiff has secured the exclusive right and privileges in and

to the identified copyright and received from the Register of Copyrights the appropriate Certificate of Registration. The certificates constitute prima facie evidence of the validity of those copyrights.

**ANSWER:**

This Defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and accordingly denies the same.

20. Plaintiff's sound recording of "Juda" has been distributed and sold through record stores, internet on-line sites, including iTunes and CD Baby, as well as other outlets, and has been played at live performances throughout the Northern District of Illinois.

**ANSWER:**

This Defendant admits only that "Juda" has been offered for sale by way of iTunes. This Defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and accordingly denies the same.

21. Gaynor is one of the original members of DJ White Shadow. Upon information and belief, Gaynor is a bass player, sound engineer and mixer, but not a songwriter.

**ANSWER:**

This Defendant admits that he was and is an original member of DJ White Shadow, LLC and admits that he plays bass guitar and is also a sound engineer and mixer. This Defendant denies the remaining allegations in this Paragraph.

22. In or about 2004, Plaintiff met Gaynor at Alien Studios in Chicago, when Gaynor, an employee of the studio, was assigned to work a recording session that Plaintiff had scheduled. During this session, Plaintiff performed her original songs in full to a click track, or metronome, to create "scratch" or "guide" tracks for her upcoming album, *It's All About You.*

**ANSWER:**

This Defendant admits the allegations in this Paragraph.

23.    In or about 2005, Gaynor engineered the Plaintiff's album, *It's All About You*, featuring Plaintiff's re-recording of "Juda," which Plaintiff released in 2006.

**ANSWER:**

This Defendant admits the allegations in this paragraph 23.

24.    Gaynor's work on "Juda" allowed him to have access to the musical tracks and composition of "Juda" and Gaynor had full knowledge of Plaintiff's copyright of the work. After completing work on Plaintiff's album *It's All About You,* including the remake version of "Juda," Gaynor maintained master recordings of each of Plaintiff's songs on that album.

**ANSWER:**

This Defendant admits that he had access to the musical tracks and composition of the version of "Juda" as written and recorded for the "It's All About You" EP, and that he maintained certain materials from the recording sessions for that EP when the sessions were concluded. This Defendant denies the remaining allegations in this Paragraph.

25.    In or about May 2010, and at all times relevant, Plaintiff contacted Gaynor to seek his assistance in mixing a new song for a charity event. During their communication, Gaynor informed Plaintiff that he had been working with Defendant Lady Gaga.

**ANSWER:**

This Defendant admits only that he was contacted by Plaintiff in or about May 2010 seeking his assistance for mixing work, and he admits that he advised Plaintiff that he was presented with an opportunity to contribute to the production of songs that were intended to be included on the then forthcoming Lady Gaga album "Born This Way." This Defendant denies the remaining allegations in this Paragraph.

26.    In an email dated May 1, 2010, Gaynor informed Plaintiff that he provided several songs to Lady Gaga, on which Lady Gaga recorded her vocals and then sent them back to Gaynor through iChat. Gaynor explained that he would be leaving for France on May 19, 2010 to join Lady Gaga "on tour and [to] finish the records," all of which was "paid for by the label."

8

**ANSWER:**

This Defendant admits only that he communicated in May 2010 with Plaintiff concerning certain aspects of his contribution to songs intended for inclusion on "Born This Way," and that at the time, there were potential plans for this Defendant and others to meet Lady Gaga in Paris on the European leg of her tour to continue work on those songs at the expense of Lady Gaga's record company. This Defendant also admits that his email to Plaintiff advised that Lady GaGa had returned a version of one of his tracks by way of iChat. This Defendant denies the remaining allegations of this Paragraph.

27. Gaynor stated that he "played bass, keys, co-wrote, engineered, and co-produc[ed]" three tracks on Lady Gaga's new album entitled "Born This Way," which features the single "Judas." DJ White Shadow, a company in which Gaynor is a member, has claimed to have written 17 of Lady Gaga's 20 songs on the "Born This Way" album.

**ANSWER:**

This Defendant admits only that he was one of three original members of DJ White Shaeow, LLC, that he communicated to Plaintiff indicating that he "played bass, keys, co-wrote, engineered, and co-produc[ed]" three tracks for "Born This Way," and that "Born This Way" includes the song "Judas." This Defendant denies the remaining allegations in this Paragraph.

28. Lady Gaga is an immensely popular media star who has recorded and performed numerous hit songs and has achieved worldwide recognition and stardom.

**ANSWER:**

This Defendant admits the allegations in this Paragraph.

29. On April 15, 2011, Lady Gaga released her album entitled "Born This Way," featuring the second-released single "Judas." The album and song "Judas", were released worldwide and were instant hits, topping various airplay and sales charts, and driving sales of millions of albums. Since then, Lady Gaga has recorded and performed the work

"Judas" throughout the world before live audiences, as well as on the HBO special, "Monster's Ball."

**ANSWER:**

This Defendant denies that the album "Born This Way" was released on April 15, 2011. This Defendant admits only that the song "Judas" appears on the album "Born This Way" and that it was released as the second single in advance of the album's release. This Defendant denies that "Judas" was performed on the HBO "Monster's Ball" special. This Defendant lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and accordingly denies the same.

30.    On information and belief, Defendants Lady Gaga, Interscope, Universal, and DJ White Shadow and Gaynor each contributed to the creation of the musical composition, "Judas."

**ANSWER:**

This Defendant denies that he contributed to the creation of the musical composition, "Judas" and denies that DJ White Shadow, LLC contributed to the creation of the musical composition, "Judas." This Defendant lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and accordingly denies the same.

31.    On information and belief, each Defendant and Lady Gaga, were aware of, participated in, and contributed to the exploitation of the musical composition "Judas," including the marketing, distribution, and exploitation of "Judas" in the United States and including in the Northern District of Illinois, through sales of CDs, digital downloads, radio and television airplay, live performances and otherwise.

**ANSWER:**

This Defendant denies all of the allegations in this Paragraph to the extent that they are directed at him and/or DJ White Shadow, LLC. This Defendant lacks personal knowledge as to the remaining allegations in this Paragraph and accordingly denies the same.

32.     On information and belief, Defendants, together and individually, have earned millions of dollars in revenues through their exploitation of "Judas" and continue to actively exploit the work worldwide through sales of CDs, radio and television airplay, and otherwise.

**ANSWER:**

This Defendant denies all of the allegations in this Paragraph to the extent that they are directed at him and/or DJ White Shadow, LLC. This Defendant lacks personal knowledge as to the remaining allegations in this Paragraph and accordingly denies the same.

33.     On information and belief, Lady Gaga copied and incorporated substantial, original portions of Plaintiffs song, "Juda," in Defendants' musical composition and sound recording, "Judas." There is a substantial similarity between the two songs due to Defendants' copying.

**ANSWER:**

This Defendant denies the allegations in this Paragraph.

34.     Defendants never sought or obtained Plaintiff's permission to copy, duplicate, perform, or otherwise use Plaintiff's song "Juda" in Lady Gaga's composition and sound recording, "Judas," or at all.

**ANSWER:**

This Defendant admits only that he never sought permission to copy, duplicate, perform, or otherwise use Plaintiff's song "Juda" in Lady Gaga's composition and sound recording, "Judas," but affirmatively states and avers that no such permission was necessary because none of the Defendants copied, duplicated, performed, or otherwise used Plaintiff's song "Juda" in Lady Gaga's composition and sound recording, "Judas."

35.     Defendants' copying, duplication, use, performance, and exploitation of "Juda" in the composition and sound recording of "Judas" constitute infringement of Plaintiff's copyright in the composition "Juda."

**ANSWER:**

This Defendant denies the allegations in this Paragraph.

11

## CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

1-35.   Plaintiff realleges paragraphs 1-35 above and incorporates those allegations as its paragraphs 1-35 of this Claim for Relief.

**ANSWER:**

This Defendant incorporates by reference and realleges as if fully set forth herein his answers to the allegations set forth in Paragraphs 1 through 35 of this Complaint.

36.   Plaintiff is, and at all material times hereto has been, the owner of the copyright in the musical composition "Juda" and is entitled and authorized to protect her composition against copyright infringement, including the enforcement of copyright actions. Plaintiff secured the exclusive rights under 17 U.S.C. § 106, among others, to "reproduce the copyrighted work in copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to "perform the copyrighted work publicly."

**ANSWER:**

This Defendant denies the allegations in this Paragraph 36.

37.   Since at least April 2011, Defendants have infringed, and are continuing to infringe upon Plaintiff's copyright in the song "Juda," including by copying, preparing a derivative work, reproducing, causing, contributing to, and participating in the unauthorized copying, preparing a derivative work, reproduction, and use of the musical composition "Juda" in Lady Gaga's composition and sound recording of "Judas" and causing same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in the Northern District of Illinois.

**ANSWER:**

This Defendant denies the allegations in this Paragraph 37.

38.   Plaintiff did not authorize Defendants to copy, reproduce, perform, or use the composition "Juda" in Lady Gaga's composition, performance or sound recording, "Judas," or at all. Defendants did not seek or obtain any permission, consent, or license from Plaintiff for the copying, reproduction, performance, or use of the composition

"Juda" in the composition and sound recording, "Judas" or in any uses thereof that were made or authorized by Defendants, or at all.

**ANSWER:**

This Defendant admits that Plaintiff did not authorize this Defendant to copy, reproduce, perform, or use the composition "Juda" in Lady Gaga's composition, performance or sound recording, "Judas," or at all, but avers that no such authorization was necessary because Defendant did not copy, reproduce, perform, or use the composition "Juda" in Lady Gaga's composition, performance or sound recording, "Judas," or at all.

39.     Defendants have infringed on Plaintiff's exclusive rights by:

    (a)     Reproducing Plaintiff's copyrighted work in copies or phonorecords in violation of 17 U.S.C. § 106(1);

    (b)     Preparing derivative works based on Plaintiff's copyrighted work in violation of 17 U.S.C. § 106(2);

    (c)     Distributing copies or phonorecords of Plaintiff's copyrighted work and derivative work to the public by sale or other transfer of ownership, or by rental, lease, or lending in violation of 17 U.S.C. § 106(3);

    (d)     Performing Plaintiff's copyrighted work or a derivative thereof publicly in violation of 17 U.S.C. § 106(4); and

    (e)     Performing Plaintiff's copyrighted work and derivative work publicly by means of a digital audio transmission in violation of 17 U.S.C. § 106(6).

**ANSWER:**

This Defendant denies the allegations in this Paragraph including all its subparts.

40.     Defendants failed to properly attribute the authorship of the song "Judas" to Plaintiff.

**ANSWER:**

13

This Defendant denies the allegations in this Paragraph 40.

41.     Defendants' acts of infringement were done, and now continue to be done with knowledge that such actions constitute an infringement of Plaintiff's exclusive rights and are, therefore, willful. At a minimum, Defendants acted in reckless disregard of Plaintiff's copyright.

**ANSWER:**

This Defendant denies all allegations set forth in paragraph 41.

42.     As a result of their actions, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. § 501. Plaintiff suffered, and will continue to suffer, substantial damage to her professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

**ANSWER:**

This Defendant denies the allegations in this Paragraph 42.

**AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a claim against Defendant upon which relief may be granted.

2.      Any harm alleged to have been suffered by Plaintiff is the result of acts or omissions on the part of persons over whom Defendant has no control.

3.      Plaintiff's claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

14

4.     Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

5.     The use by the Defendant of any allegedly copyrighted or other material owned and/or controlled by Plaintiff (of which Defendant asserts that there was none) in any event, constitutes a fair use.

6.     Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

7.     Plaintiff has failed to join necessary and indispensible parties to this action.

8.     Any alleged infringement of Plaintiff's alleged rights (of which Defendant asserts that there was none) in any event, was undertaken in innocently.

9.     Plaintiff's claims are barred by the doctrine of independent creation.

10.     Plaintiff has failed to mitigate her alleged damages, and therefore is entitled to no relief, or to reduced relief.

11.     Plaintiff's claims are barred by the doctrine of unclean hands.

12.     Plaintiff's claims are barred in whole or in part by the principles of consent, acquiescence, novation, and/or legal justification.

## RESERVATION OF RIGHTS AND ADDITIONAL DEFENSES

This Defendant reserves the right to raise any additional defenses, affirmative or otherwise, which may become apparent through discovery during the course of this action, and reserves the right to amend his Answer to assert any such defenses.

## JURY DEMAND

This Defendant hereby demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, this Defendant respectfully requests that this Honorable Court enters

judgment against the Plaintiff and in favor of this Defendant:

A.     Dismissing the Complaint, with prejudice;

B.     Denying the relief requested by Plaintiff;

C.     Awarding this Defendant his costs, expenses, attorneys' fees and disbursements in connection with the defense of this action; and

D.     Granting him such other and further relief as this Court deems just and proper.

Dated: November 17, 2011                    Respectfully submitted,

                                            **BRIAN JOSEPH GAYNOR**


                                     By:____*/s/ Bryan E. Curry*_____
                                            Bryan E. Curry



John J. Bullaro, Jr. (ARDC # )
Bryan E. Curry (ARDC # 6255803)
BULLARO & CARTON, P.C.
200 N. LaSalle Street
Suite 2420
Chicago, Illinois 60601
Phone: (312) 831-1000
Fax: (312) 831-0647
jbullaro@bullarocarton.com
bcurry@bullarocarton.com

16

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing documents via the Court's CM/ECF system on this 21st day of November, 2011.

/s/ Bryan E. Curry
Bryan E. Curry
