IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA FRANCESCATTI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEFANI JOANNE GERMANOTTA, an individual, a.k.a."Lady Gaga," INTERSCOPE RECORDS, UNIVERSAL MUSIC GROUP, INC., DJ WHITE SHADOW, LLC, and BRIAN JOSEPH GAYNOR, an individual,<br><br>Defendants. | Case No. 1:11-cv-5270<br><br>JURY TRIAL DEMANDED<br><br>Judge Blanche M. Manning<br>Mag. Judge Jeffrey T. Gilbert |

**PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION
OF DEFENDANT STEFANI JOANNE GERMANOTTA**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.2, Plaintiff Rebecca Francescatti moves this Court for an Order compelling Defendant Stefani Joanne Germanotta ("Germanotta") to appear for the deposition properly noticed by Plaintiff Pursuant to Fed.R.Civ.P. 30(a). For more than two months, counsel has exchanged communications and endeavored in good faith to resolve their differences but are unable to reach an accord.

At this point in time, Plaintiff has accommodated nearly every request from Defendant Germanotta related to her deposition, yet Ms. Germanotta has refused to appear for her deposition as noticed, unless compelled to do so by this Court.

**ARGUMENT**

Rule 30(b) only requires a Notice of Deposition to contain the date, time and place of the deposition and any method of recording to be used. Fed.R.Civ.P. 30(b). Plaintiff complied with the requirements of the Rule 30(b) and should be allowed to take Defendant Germanotta's deposition at the place identified in the most recent Notice of Deposition.

Defendant's refusal to appear at the location in Plaintiff's Notice of Deposition is based only on a desire to do what she is comfortable with; giving a performance. Defendant is no different than any other Defendant in this or any federal lawsuit, yet she continues to assert her "right" to operate according to her own rules, not those of the Federal Rules of Civil Procedure.

Early in the discovery process (November 2011), Plaintiff sent a Notice of Deposition to Defendant Germanotta's counsel for Plaintiff's offices in Chicago. Recognizing that she may have a busy schedule, Plaintiff noticed the deposition two-months in advance of the original date. Defendant's counsel responded on December 7, 2011, stating that she was unaware whether Ms. Germanotta would be willing to be deposed in Chicago on that date or any other date. To accommodate this fact, Plaintiff asked for three dates that would be available for her deposition. Although, Ms. Germanotta admitted in her Answer that her residence was New York, and submitted to the jurisdiction of the Northern District of Illinois, (See Answer, Docket No. 33 at Paragraph 5), on December 21, 2011, Defendant's counsel stated that she had no obligation to appear in Chicago, but not that she wouldn't appear.

On January 11, 2012, counsel for Ms. Germanotta notified Plaintiff's counsel that she would be available for deposition on February 3, 2012 or a date certain in the first week of March 2012 and in Los Angeles, where she currently leases a home. Interestingly, Defendant is leasing a home in Los Angeles despite her public statements to the press that she hates Los Angeles and wouldn't live there. Further, Defendant's counsel set a series of conditions: demanding that "the date and location must be kept confidential and the deposition must take place at [Defendant's counsel's office] in Century City."

In providing Plaintiff with a choice of dates, Defendant stated that Plaintiff would likely not have all discovery they requested by February 3, 2012 (despite requests served on November 29, 2011) so if Plaintiff elected the February 3, 2012 date rather than the March date, Plaintiff would "not be entitled to recall Ms. Germanotta to question her with respect to any discovery

materials [received] after that date." Needless to say, Plaintiff chose the later date. Although Plaintiff served her requests for documents and first interrogatories on November 29, 2011, Defendant unilaterally decided to respond on January 30, 2012 as opposed to December 29, 2011 as required by Rule 33. Again, Ms. Germanotta believes that she need not follow the Federal Rules of Civil Procedure, like every other Defendant in a federal lawsuit must.

Defendant claims that absolute secrecy and security is an essential condition of her willingness to submit to a deposition, but Plaintiff offered to provide Ms. Germanotta with secure, private entry and exit from Plaintiff's counsel office in Chicago to allay any security concerns. Plaintiff's counsel's office has secure ingress and egress to a parking garage beneath its building, and its offices are directly accessible by elevator from the garage. Again, Defendant refused, stating that Ms. Germanotta would be available on a date in March in Los Angeles, on <u>her terms</u>. Recognizing that she now requires all counsel to fly to Los Angeles for her deposition, she offered to reimburse Plaintiff's counsel's travel expense. While this was appreciated, the demands for secrecy and location of the deposition were not. Accordingly, Plaintiff noticed the deposition for its local counsel's office in downtown Los Angeles. When Defendant's counsel asked to reset the time from 9:00 a.m. to 10:00 a.m., Plaintiff's counsel agreed. Local counsel, with whom Plaintiff's counsel has worked for years is one of the largest 100 firms in the United States and represents a number of celebrities in the entertainment industry. It's Los Angeles' offices are as secure and private as any in the nation.

Plaintiff agreed to take Ms. Germanotta's deposition in Los Angeles and agreed to maintain the date, time and location in confidence. However, Defendant again refused to appear at the location chosen by Plaintiff, that is, the office of Plaintiff's local counsel in Los Angeles. Defendant's demands and attempts to control Plaintiff's noticed deposition demonstrates her belief that she is different and entitled to special treatment. Plaintiff accepts that Defendant is a well-known pop-star, and with her fame, reasonable steps may be necessary to provide her with

security. However, Ms. Germanotta has a paid security detail that travels with her and her movement is likely to be tightly orchestrated. However, despite her current fame, she is not the President of the United States. In fact President Clinton's deposition did not require such secrecy.

Most recently, rather than agree to appear for her deposition as noticed, Ms. Germanotta again refuses citing "security concerns" and further that the offices of her counsel allow "her security team [to] better function in an open traffic environment such as Century City, versus downtown Los Angeles." Ms. Germanotta's security detail and staff, as of the date of the hearing of this motion, will have several weeks to plan for her transportation and security to, from and during her deposition. This is reasonable and allows for any "security concerns" to be addressed. Alternatively, if Defendant Germanotta is not safe in Los Angeles, perhaps leaving Los Angeles and appearing in Chicago is the best option. Either way, if Defendant Germanotta had legitimate concerns then it would be her obligation to seek a Protective Order, not simply refuse to follow the Federal Rules and require Plaintiff to file this motion to compel.

Plaintiff has offered to provide Ms. Germanotta with secure and private entry and exit from the building of her local counsel; Plaintiff has agreed to maintain the deposition, time, date and location in confidence, indeed, even the dates in this motion are vague to accommodate Ms. Germanotta's wishes. However, Ms. Germanotta has refused Plaintiff's reasonable efforts, and according to her counsel, absent a Court Order compelling her to appear at the noticed location, she will not appear. It is reasonable for this Court to order Ms. Germanotta to appear at the location identified in Plaintiff's Notice of Deposition. Usually, a party seeking discovery may set the place where the deposition will take place. *Philadelphia Indem. Ins. Co. v. Federal Ins. Co.*, 215 F.R.D. 492, 495 (E.D. Pa. 2003). The Court has considerable discretion to determine the place of the deposition. *Id.*

What Plaintiff asks is for the Court to exercise its discretion and order that Ms. Germanotta should appear for her deposition at the location in her Notice of Deposition. Plaintiff has agreed to travel and to maintain the date, time and location in Los Angeles in confidence. It is a reasonable request to have Ms. Germanotta agree to appear at Plaintiff's offices in Los Angeles or alternatively in Chicago. Because she refuses to cooperate in the matter, Plaintiff respectfully asks this Court to enter an Order compelling Defendant to appear at the location identified in the Notice of Deposition.

Respectfully submitted,

    */s/Christopher W. Niro*
William L. Niro
Christopher W. Niro
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
Tel.   (312) 236-0733
Fax:   (312) 236-3137
wniro@nshn.com
cniro@nshn.com
**Attorneys for Plaintiff, Rebecca Francescatti**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 10, 2012 the foregoing

**PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT STEFANI JOANNE GERMANOTTA** was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

Steven R. Gilford
Catherine J. Spector
PROSKAUER ROSE LLP
70 West Madison St., Suite 3800
Chicago, IL 60602
Tel:  (312) 962-3550
Fax:  (312) 962-3551
sgilford@proskauer.com
cspector@proskauer.com

Charles Ortner
Sandra A. Crawshaw-Sparks
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
cortner@proskauer.com
scrawshaw@proskauer.com
***Attorneys for Stefani Joanne Germanotta***


John J. Bullaro, Jr.
Bryan E. Curry
BULLARO & CARTON PC
200 North LaSalle St., Suite 2420
Chicago, IL 60601
Tel:  (312) 831-1000
Fax:  (312) 831-0647
jbullaro@bullarocarton.com
bcurry@bullarocarton.com
***Attorneys for Brian Joseph Gaynor***

Christopher B. Lay
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel:  (312) 840-7295
Fax:  (312) 840-7395
clay@jenner.com

Andrew H. Bart
JENNER & BLOCK LLP
919 Third Avenue – 37th Floor
New York, NY 10022-3908
Tel:  (212) 891-1600
Fax:  (212) 891-1699
abart@jenner.com
***Attorneys for UMG Recordings, Inc.***

Elvis D. Gonzalez
ELVIS GONZALEZ, LTD.
Three First National Plaza
70 West Madison St., Suite 1515
Chicago, IL 60602
Tel:  (312) 558-9779
Fax:  (312) 276-8119
egonzalez@elvisgonzalezltd.com
***Attorney for DJ White Shadow, LLC***


                            */s/Christopher W. Niro*
                      Attorneys for Rebecca Francescatti