IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA FRANCESCATTI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEFANI JOANNE GERMANOTTA, an individual, a.k.a. "Lady Gaga," INTERSCOPE RECORDS, UNIVERSAL MUSIC GROUP, INC., DJ WHITE SHADOW, LLC, and BRIAN JOSEPH GAYNOR, an individual,<br><br>Defendants. | Case No. 1:11-cv-5270<br><br>JURY TRIAL DEMANDED<br><br>Judge Blanche M. Manning<br>Mag. Judge Jeffrey T. Gilbert |

**AGREED PROTECTIVE ORDER**

WHEREAS, the parties believe that good cause exists for the entry of this Protective Order, which is narrowly tailored to protect the confidential information of the parties,

NOW, THEREFORE, the Parties agree and Court orders:

1. Any party who, in this litigation, produces or discloses any materials it and its counsel reasonably and in good faith believe to constitute confidential business records or information, trade secrets, proprietary information, or confidential personal information may designate such material as "CONFIDENTIAL" under the terms of this Protective Order.

2. The parties to this litigation may also designate as "CONFIDENTIAL" material produced by third parties that was supplied by such third parties in confidence. A person or entity who is not a party to this lawsuit may also designate as "CONFIDENTIAL" material provided to any party to this lawsuit in accordance with the terms of Paragraph 1 of this Order.

3. Any party may additionally designate material "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" if it and its counsel reasonably and in good faith believe that the material (i) is competitively sensitive; (ii) is of a type that it has a compelling business interest in not being disclosed to competitors; and (iii) presents a significant possibility of causing harm if

known by others. Without limiting the foregoing, unpublished musical compositions, lyrics, sound recordings, visual recordings, audiovisual recordings, works in progress, and/or performances produced in this lawsuit by any party regardless of the media on which they are stored (e.g., tapes, CDs, DVDs, computers, other electronic or digital media, etc.) may be deemed highly confidential. Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" shall not be disclosed to anyone other than (i) the parties' counsel of record; (ii) the individual parties and in-house counsel for corporate parties who are responsible for evaluating, prosecuting and/or defending the case; (iii) the Court (including Court employees) if filed or disclosed under seal; and (iv) consulting or testifying experts retained by counsel for a named party in this matter. In all other respects, confidential material designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be treated as provided in this Protective Order. Any counsel proposing to disclose material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" to any expert witness or expert consultant shall first ascertain whether that expert witness or expert consultant is employed by or otherwise affiliated with a competitor of the designating party. If so, counsel shall give written notice to the producing party at least five business days in advance of the proposed disclosure. Such notice shall identify and provide a resume or CV for the expert and shall also include a Non-Disclosure Agreement in the form of Attachment 1 signed by the expert. If the parties are unable to reach agreement, any of the remaining parties, within the five business day period, may seek a protective order to prevent disclosure of the information or material to the proposed recipient. No disclosure shall be made to such person prior to the expiration of such period, or, if a motion for a protective order is filed, prior to the Court's ruling on such motion. Before each expert witness or expert consultant may receive material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," the expert witness or expert consultant must first sign the declaration attached hereto as Attachment 1.

4. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." Stamping "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" on the cover of any multi-page document shall designate all pages of the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" unless otherwise indicated by the designating party. For material produced in some form other than documentary, and for tangible items, a producing party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." If a party inadvertently neglects to designate a document that it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," such party may notify the other parties of that error and identify the previously-produced documents that should be accorded "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" treatment. All parties shall from then on accord all such identified documents "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" treatment. Each party shall take reasonable efforts to retrieve all copies of such documents it already disclosed or distributed in a manner that would have violated this Protective Order had the documents been marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" when initially produced.

5. In the event any party to (or non-party required to provide discovery in) this action produces files or records and the inspecting party desires to inspect them, no confidential designation need be made by the parties in advance of said inspection. For purposes of the inspection, all material produced shall be considered as having been designated "CONFIDENTIAL." Thereafter, upon selection of specified documents by the inspecting party for copying, the producing party shall mark as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY" the copies of documents it desires to be subject of this Protective Order.

6. With respect to depositions of each party to (or non-party required to provide discovery in) this action, any party (the "Designating Party") may inform the other parties attending or represented by counsel at the deposition at or prior to the end of any such deposition that it intends to designate the entire transcript or portions of the transcript of such deposition "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." The Designating Party shall order a rough transcript to be delivered to the Designating Party, at the Designating Party's expense, by the court reporter as soon as the court reporter is able to provide it. By midnight of the fourteenth calendar day following the Designating Party's receipt of such rough transcript (the "Designation Deadline"), the Designating Party shall inform the court reporter and all other parties to the action which pages or portions of the transcript (including exhibits thereto) it designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and shall instruct the court reporter to issue a final copy of the deposition transcript with each page appropriately stamped pursuant to Paragraph 4 to reflect its confidentiality designations, if any. Until the earlier to occur of such designations being made or the Designation Deadline passing, deposition transcripts shall be treated as though marked "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" in their entirety. If the Designating Party does not make confidentiality designations before the Designation Deadline passes, the transcripts may be handled as non-confidential in their entirety.

7. If any of the parties hereto shall believe that this order unreasonably impedes discovery from a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may, after consulting with the other parties to see whether agreement can be reached, serve notice upon the opposing party or parties and request that the court modify this order.

8. Any party objecting to designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Protective Order shall consult with the designating party in an effort to resolve such objection. If no agreement is reached, the designating party shall move the Court supervising discovery of this case for a determination of confidentiality under this Protective Order.

9. A party shall not be obligated to challenge the propriety of the designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" at the time made, and failure to do so shall not preclude a subsequent challenge thereof. Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Protective Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be used by other parties and other parties' counsel solely for purposes of this action, prosecution and defense, including all appeals, and shall not be used for any business or other purpose. The Court specifically prohibits any party to this action, or their counsel or experts, from producing or communicating any confidential material of any other party to anyone other than as provided in Paragraph 3 and 10 of this Protective Order.

10. Material produced as "CONFIDENTIAL" pursuant to this Protective Order may be disclosed or otherwise made available only (i) to the Court (including Court employees); (ii) to counsel (including in-house and outside counsel) for a party to this action to whom it is reasonably necessary to disclose the information for this litigation and staff employed by such counsel who are necessary to assist such counsel in the preparation and trial of this action; (iii) to named parties to this action or any present officer, director or employee of a named party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action; and (iv) to "qualified persons," defined as:

5

    A.    Consultants or expert witnesses expected to testify in this action (subject to the provisions of Paragraph 3, above);

    B.    Staff members employed by such consultants or expert witnesses;

    C.    Professional vendors of counsel described in paragraph 10 above to whom temporary possession of material produced as "CONFIDENTIAL" is reasonably necessary to create an exhibit specifically for presentation at any hearing, mediation, trial or other proceeding in this action, in which case the Receiving Party shall retrieve all copies of such information or items from the professional vendors and the professional vendors shall return all copies of such information or items upon delivery of the exhibit to counsel;

    D.    Witnesses at any deposition, hearing, or other duly noticed legal proceeding in this action;

    E.    Any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation; and

    F.    Such other persons to whom the parties shall agree in writing.

11.    Prior to receiving any material designated as "CONFIDENTIAL" (including "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY"" material provided to experts), each "qualified person" shall be presented by the disclosing party with a copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment 1, agreeing to be bound by the terms of this Protective Order. If a witness or their counsel declines to sign such a Nondisclosure Agreement, the Parties shall promptly present the issue to the judge or discovery referee. All persons who have signed the Nondisclosure Agreement shall be bound by the terms of this Protective Order, shall use confidential material solely for purposes of this action, and shall not disclose or permit disclosure of the documents or the information contained therein other than pursuant to the terms of this Protective Order. Counsel for any party disseminating

confidential material to any such person shall maintain a copy of the Nondisclosure Agreement of each such person and shall immediately provide copies of such Nondisclosure Agreements upon request to the producing party.

    12.    Nothing contained in this order shall prevent or impair the use by a party of material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," or the information contained or reflected therein, in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the court in accordance with Local Rule 5.8 of the United States District for the Northern District of Illinois ("LR 5.8"), or at any deposition, or at any hearing, conference or trial before the court. All material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" filed with the court in accordance with LR 5.8, and any pleading, motion paper, affidavit, deposition transcript, brief, memorandum or other paper filed with the court disclosing such material shall be properly so identified and filed under seal unless, prior to filing, counsel for the producing party consents in writing to its filing without being sealed. In that connection, the parties shall cooperate in good faith, to avoid filing documents under seal where possible. All materials and information filed under seal, and any pleadings, motion papers, affidavits, deposition transcripts, briefs or other papers containing or reflecting such materials or information, shall be kept under seal until further order of the court.

    13.    The parties and counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of confidential material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," and shall be responsible for ensuring that each of their regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this litigation and the proposed recipients of confidential material are informed of the terms of this Protective Order and their obligations under it. The parties shall be responsible for ensuring that each of their officers,

directors and employees who receives confidential material pursuant to Paragraph 10 of this Protective Order uses, discloses and permits disclosure of such confidential material only in accordance with the terms of this Protective Order. All material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

14. If any party learns that, by inadvertence or otherwise, it has disclosed material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" to any person or in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify in writing the party who produced that material of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY"; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute a Nondisclosure Agreement in the form of Attachment 1, agreeing to be bound by the terms of this Protective Order.

15. In the event that any confidential material is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using such confidential material shall take all reasonable steps to maintain its confidentiality during such use. The parties agree that they will, in advance of trial, negotiate in good faith concerning an appropriate procedure to propose to the Court for the treatment of material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" at trial. In the event the parties cannot agree to such a procedure to propose to the Court, each Party shall be free to apply to the Court for the entry of an order concerning the treatment of its material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES

ONLY" at trial. Any requests for confidentiality or sealing of any hearing or trial are to be made to the judge presiding over that proceeding.

16. This Protective Order shall not be deemed or constructed to prohibit a party, person or entity from disclosing its own confidential material. Nor shall this Protective Order be deemed or construed to prohibit a party, person, or entity (the "challenging party") from disclosing confidential material that it can demonstrate (to the satisfaction of the opposing party prior to disclosure): (a) was already a matter of public record or knowledge before its receipt by discovery; or (b) became a matter of public record or knowledge after its discovery through no act or omission of any non-producing party or their employees or agents; or (c) was independently obtained by the challenging party from a source that the challenging party (and its employees and agents) has no reason to believe is bound by a duty of confidentiality to the producing party. If the producing party or non-party does not agree that the challenging party has so demonstrated, the challenging party shall continue to treat such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" material if so designated by the producing party, until the challenging party has brought this matter before the court and the court has ruled that such documents should be treated otherwise. In any such proceedings, the party seeking to preserve confidentiality shall have the burden of establishing that confidential treatment is appropriate.

17. An interested member of the public shall have the right to challenge the confidential designation of particular documents that have been filed under seal. The party asserting confidentiality shall have the burden of demonstrating the propriety of that designation.

18. This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not or does not become known to the public. Within thirty (30) days after final resolution of this action (whether by judgment, settlement or otherwise, including any appeals or expiration of time for appeal), counsel for all parties shall

9

assemble and return to the providing party all documents, materials and transcripts designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and all copies of same, including any copies sent to each "qualified person" described in Paragraph 10, or, at the providing party's option, shall destroy all such documents. Receipt of material returned shall be acknowledged in writing. All information protected by this Order which has been placed in any computer data base shall be completely erased and overwritten, and any documents listing or summarizing the information protected by this Order shall be destroyed within the same period. Notwithstanding this provision, counsel of record are entitled to retain an archival copy of all pleadings, motion papers, court filings, transcripts, including exhibits, legal memoranda, correspondence and attorney work product, even if such materials contain material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Order.

19. Any disclosure or dissemination of any confidential material in violation of this Protective Order by any person subject to this Protective Order shall entitle the aggrieved party to seek appropriate sanctions.

20. Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other action. Nor shall this Protective order be construed as a waiver by any party of any legally cognizable privilege to withhold any document or information, or of any right which any party may have to assert such privilege at any stage of the proceeding.

21. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. Nothing contained in this Protective Order shall affect the right, if any, of any party to make any other type of objection, claim, or other response to any discovery request or deposition question.

22. In the event that counsel for any party receives a demand or request to produce or disclose confidential material, or is informed that a demand or request for confidential material has been made to any recipient of confidential material protected under this Protective Order by any government agency or in connection with another lawsuit, counsel shall, within two (2) business days after receipt of such demand or request or upon being informed of such demand or request, send written notice to all counsel of the identity of the person or entity making the demand or request and the recipient of the demand or request, the nature of the material requested or demanded, and the date on which the confidential material is to be produced or disclosed. This request or demand shall be attached to the letter.

23. The inadvertent production of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege or work product doctrine that the producing party would otherwise be entitled to assert. A party shall have fourteen (14) days after one of its counsel in this case becomes actually aware that a document protected by Privilege has been inadvertently produced in which to request its return; otherwise, any claim of Privilege for the document shall be deemed presumptively waived. All requests to return a document shall be in writing and shall state the grounds for the claim of work product or privilege. A party's counsel shall be deemed to be actually aware that a document protected by privilege or some other protection was inadvertently produced at the time the party's counsel is served with an exhibit list for trial that specifically lists the document protected as privileged or work product. If a party timely requests return of documents protected as privileged or work product, any party to whom such material was produced shall, within fourteen (14) days after the request, or prior to any use at trial, whichever shall come first, return said material. Furthermore, any analyses, memoranda or notes that were internally generated based upon such inadvertently produced information or material shall immediately be treated in conformity with the protected nature of

the information. If the receiving party disagrees with the designation of any such information or material as privileged or otherwise protected after conferring with the disclosing party in good faith, the receiving party may move the Court for a resolution of that dispute.

Federal Rule of Evidence 502 is hereby expressly incorporated into this Protective Order.

24. Counsel for the parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the Protective Order. Documents containing confidential information shall NOT be filed with the Clerk of Court. Documents requiring the court's review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A copy of the pleading, motion, or other document with confidential information redacted to leave an identified designated blank space in the pleading, motion, or other document shall be electronically filed with the Clerk of the Court for the record

25. All notices given in accordance with this Order shall be delivered by hand, facsimile, or by overnight mail.

26. In the event additional parties join or are joined in this litigation, they shall not have access to Protected Material until the newly-joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Protective Order.

**IT IS SO ORDERED.**

Dated: February 15, 2012.

_____
Honorable Jeffrey T. Gilbert
United States Magistrate Judge

| | |
|---|---|
| By:    s/William L. Niro<br>William L. Niro<br>Christopher W. Niro<br>NIRO, HALLER & NIRO<br>181 W. Madison, Suite 4600<br>Chicago, IL 60602<br>Tel:    (312) 236-0733<br>wniro@nshn.com<br>cwn@nshn.com<br>***Attorneys for Rebecca Francescatti***<br><br>Date:  February 15, 2011 | By:    s/Sandra A. Crawshaw-Sparks<br>Charles B. Ortner<br>Sandra A. Crawshaw-Sparks<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY 10036<br>Tel:    (212) 969-3000<br>cortner@proskauer.com<br>scrawshaw@proskauer.com<br>***Attorneys for Stefani Joanne Germanotta***<br><br>Date:  February 15, 2011 |
| By:    s/Andrew H. Bart<br>Andrew H. Bart<br>JENNER & BLOCK LLP<br>919 Third Avenue – 37th Floor<br>New York, NY 10022-3908<br>Tel:    (212) 891-1600<br>abart@jenner.com<br>***Attorney for UMG Recordings, Inc***<br><br>Date:  February 15, 2011 | By:    s/Elvis D. Gonzalez<br>Elvis D. Gonzalez<br>ELVIS GONZALEZ, LTD.<br>70 West Madison St., Suite 5050<br>Chicago, IL 60602<br>Tel:    (312) 558-9779<br>egonzalez@elvisgonzalezltd.com<br>***Attorney for DJ White Shadow, LLC***<br><br>Date:  February 15, 2011 |
| By:    s/Bryan E. Curry<br>Bryan E. Curry<br>BULLARO & CARTON PC<br>200 North LaSalle St., Suite 2420<br>Chicago, IL 60601<br>Tel:    (312) 831-1000<br>bcurry@bullarocarton.com<br>***Attorney for Brian Joseph Gaynor***<br><br>Date:  February 15, 2011 | |

**CONFIDENTIALITY UNDERTAKING**

I, _____, being duly sworn, state that:

    (a)    My present residential address is: _____.

    (b)    My present employer is: _____. and the address of my present employer is: _____.

    (c)    My present occupation or job description is: _____.

    (d)    I have received and carefully read the Protective Order in *Rebecca Francescatti v Stefani Joanne Germanotta, et al*, Case No. 11-cv-5270, entered by the Court on _____, 2012. I certify that I understand the terms of that Protective Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms. Further, I understand that unauthorized disclosure of any Confidential or Highly Confidential, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and to potential liability in a civil action for damages by the disclosing party.

    (e)    I agree to submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Litigation.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on _____, 2012    _____
                                                            (Signature)

**Exhibit A**