# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA FRANCESCATTI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:11-cv-05270 |
| | ) | |
| v. | ) | |
| | ) | Honorable Marvin E. Aspen |
| STEFANI JOANNE GERMANOTTA | ) | Magistrate Judge Jeffrey T. Gilbert |
| p/k/a LADY GAGA, INTERSCOPE RECORDS, | ) | |
| UNIVERSAL MUSIC GROUP, INC., | ) | ECF CASE |
| DJ WHITE SHADOW, LLC, and | ) | |
| BRIAN JOSEPH GAYNOR, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S RESPONSE TO DEFENDANTS' L.R. 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants Stefani Joanne Germanotta p/k/a Lady Gaga, Interscope Records/Universal Music Group, Inc.,[1] DJ White Shadow, LLC, and Brian Joseph Gaynor (together, "Defendants"), by and through their undersigned counsel, hereby respectfully move (the "Motion") this Court to strike portions of Plaintiff's Response to Defendants' L.R. 56.1 Statement of Undisputed Facts in Support of Their Motion for Summary Judgment (the "RSOF," Docket No. 146).

Local Rule 56.1(b) governs the non-movant's response to the movant's Rule 56.1 statement. It requires the non-movant to serve and file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B). In addition, Local Rule 56.1(b) sets forth a procedure by which a non-movant

---

[1] Plaintiff's Complaint was brought incorrectly against Interscope Records and Universal Music Group, Inc. UMG Recordings, Inc. is the proper party in interest.

may submit additional facts that it contends would defeat the motion for summary judgment: the non-movant must serve and file "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment…." L.R. 56.1(b)(3)(C).

"District courts are entitled to expect strict compliance with Rule 56.1." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008) (internal quotation marks omitted) (affirming district court's refusal to consider improper Rule 56.1 responses). Despite this, if the only issues with Plaintiff's RSOF were matters of formal compliance with the Rule, Defendants would not bring this Motion. As set forth below, however, many of the responses in Plaintiff's RSOF flagrantly disregard the requirements of Local Rule 56.1 and confuse the issues before this Court. Defendants respectfully submit that those responses should be stricken and the facts in question should be treated as undisputed for purposes of summary judgment.

**I.     The New Facts Included in Plaintiff's RSOF Should be Disregarded.**

First, Plaintiff's RSOF attempts to introduce new facts, in violation of Local Rule 56.1 and controlling case law. Instead of including new facts in a response to a Rule 56.1 statement, a non-movant "must submit such facts that it wishes the Court to consider in a separate document," namely, its Rule 56.1(b)(3)(C) statement of additional facts. *Buttron v. Sheehan*, No. 00 C 4451, 2003 U.S. Dist. LEXIS 13496, at *15 (N.D. Ill. Aug. 4, 2003), citing Local Rule 56.1(b). As in *Buttron*, Plaintiff in this case "obviously understand[s] this theory, since [she] correctly accomplished the task" by submitting a Rule 56.1 Statement of Additional Facts. *Id.* Despite this, Plaintiff has also introduced many new facts in the RSOF and repeatedly seeks to rely on these new facts in her opposition brief.

For example, Fact No. 117 in Defendants' Statement of Undisputed Facts in Support of Defendants' Motion for Summary Judgment (Docket No. 118, the "SOUF") states in pertinent part as follows: "Gaga heard *Juda* for the first time on July 19, 2012 – the day before her

2

deposition in this case." Docket No. 118, SOUF at ¶ 117. The deposition testimony cited in support of this fact provides as follows:

> Q: Did you listen to any music [in preparation for the deposition]?
> A: Yes. I heard -- I heard the song for the first time yesterday.
> Q: What song are you talking about?
> A: Francesca[tti]'s song.
> Q: Okay. Prior to yesterday you had never heard that song?
> A: No.
> Q: Never listened to it?
> A: No. I heard little snippets of it when this -- when you filed to sue me. I heard little snippets of it, but just, you know, I kind of get sued all the time. So I just sort of was like f[] this, I don't want to listen to it, and then I really listened to it yesterday.

Docket No. 118-17, Ex. 16 to SOUF at 24:8-22.

In response, Plaintiff agrees that "Gaga testified that she did not hear 'Juda' until July 2012" (Docket No. 146, RSOF at 61) yet still designates the fact as disputed. To support her claim that this fact is disputed, Plaintiff does not cite any evidence regarding when Gaga first heard the song *Juda*. Rather, Plaintiff states in the RSOF as follows:

> [Gaga] also testified that she did not have any communication with Blair before she wrote and recorded Judas. Ms. Germanotta's testimony is contradicted by Paul Blair. Gaga had several opportunities to hear "Juda" prior to allegedly writing and recording 'Judas.' Gaga has stated publicly that: "I hate the truth so much that I would prefer a giant dose of bullsh[] any day."

Docket No. 146, RSOF at 60-61 (internal citations omitted). In other words, Plaintiff seeks to introduce in the RSOF new facts regarding Gaga's communications with Blair as well as wholly unrelated public statements. These facts do not demonstrate that Gaga heard Francescatti's song, *Juda*, before July 2012. Accordingly, the inclusion of these new facts in the RSOF is improper.

Defendants respectfully submit that Plaintiff's attempt to skirt the requirements of Rule 56.1 should be rejected. Thus, this Court should disregard for purposes of summary judgment

3

the new facts presented in the RSOF. *See Ciomber*, 527 F.3d at 643-44 (finding that district court did not err by refusing to consider additional facts presented in a Rule 56.1 response); *Auer v. Allied Air Conditioning & Heating Corp.*, No. 10-CV-5285, 2012 U.S. Dist. LEXIS 7310, at *4 (N.D. Ill. Jan. 23, 2012) (Aspen, J.) (granting motion to strike responses that present new facts); *Hill v. Norcomm Public Safety Comms., Inc.*, No. 07 C 4335, 2010 U.S. Dist. LEXIS 135606, at *23 (N.D. Ill. Dec. 22, 2010) (refusing to consider additional facts included in a Rule 56.1 response); *Buttron*, 2003 U.S. Dist. LEXIS 13496, at *15, citing *McGuire v. United Parcel Serv.*, 152 F.3d 673, 675 (7th Cir. 1998). This Court should therefore decline to consider the new facts included in the following responses contained in the RSOF: 5, 10, 12, 13, 20, 25, 27, 35-36, 42, 44-46, 60, 66, 68, 71, 84, 88, 91-93, 95, 98, 100, and 115-18.

II. **The Facts Identified By Defendants Should Be Treated As Undisputed Where Plaintiff's RSOF Attempts to Manufacture Disputes of Fact that Are Not Material Through Characterizations of the Evidence.**

Plaintiff's RSOF frequently responds to the facts identified by Defendants by attempting to concoct a material dispute of fact through its characterization of the evidence, without actually identifying any conflicting evidence. This too violates Local Rule 56.1. Rule 56.1 requires that, where a non-movant characterizes a fact as disputed, that party "must cite evidence that directly contradicts the fact, otherwise the fact is deemed admitted." *Hill*, 2010 U.S. Dist. LEXIS 135606, at *23, citing *Senske v. Sybase, Inc.*, 588 F.3d 501, 503 n.1 (7th Cir. 2009). Indeed, where a party designates a fact as disputed but, to evidence this dispute, merely points to "meaningless distinctions without a difference" when characterizing the fact, this Court has found the party to have effectively acknowledged the facts in question to be undisputed. *Id.* Similarly here, Plaintiff repeatedly attempts to manufacture disputes of material fact through characterization of undisputed facts; this only highlights that those facts are in fact undisputed.

4

As a representative example, Fact No. 35 states as follows: "Francescatti, in her deposition, explained that her phrase 'while the songs don't sound the same' [written in an email to her parents and siblings about *Juda* and *Judas*] meant that the songs 'don't sound the same to the people I'm writing to,' meaning her family members, because 'they're not musicians.'" Docket No. 118, SOUF at ¶ 35. Defendants cite to the following deposition testimony in support of this fact:

> Q: So what prompted you to write to them, "While the songs don't sound the same to you," because that's what you meant here -- what prompted you to say that the songs didn't sound the same to your family members?
>
> A: They're not musicians.

Docket No. 118-3, Ex. 2 to SOUF at 104:24-105:5.

Plaintiff claims to dispute this fact. Rather than point to evidence that contradicts Fact No. 35, as required by the Local Rules, however, Plaintiff cites in the RSOF additional <u>consistent</u> deposition testimony. Specifically, Plaintiff notes the additional deposition testimony that: "As I said, I'm a musician. I wrote the song 'Juda.' I heard Juda and Judas. I heard my song. I could not assume they were going to hear that." Docket No. 146, RSOF at 17. Although the testimony has minor phrasing differences, it is essentially a restatement of the same testimony cited by Defendants in the SOUF. Certainly, it does not contradict Fact No. 35.

Similarly, Fact No. 49 sets forth the five manipulations McGeehan performed in his comparison of *Juda*'s viola and violin lines with *Judas*' chorus vocals. Docket No. 118, SOUF at ¶ 49. In the RSOF, Plaintiff designates the fact as disputed. But Plaintiff only specifically disputes the use of the word "fragment" on the ground that McGeehan never used that word. Plaintiff does not dispute the content of the statement or cite any evidence indicating that the use of the word "fragment" is inaccurate. Plaintiff also goes on to claim, without explanation, that "McGeehan testimony places Defendant's statement of facts in dispute," referencing thirty pages

5

of deposition testimony. This vague statement, supported only by a general reference to the deposition transcript, does not constitute a dispute of material fact. *Cf. Selan v. Valley View Cmty. Unit Sch. Dist.*, No. 10 CV 7223, 2013 U.S. Dist. LEXIS 5335, at *5 (N.D. Ill. Jan. 11, 2013) ("if a nonmovant fails to point out any genuine issues of material fact it is not this Court's job to invent them or to sift through hundreds of pages of documents 'like pigs hunting for truffles'") (citation omitted). Instead, the testimony cited by Plaintiff in fact supports Fact No. 49.[2]

Here, as in *Hill*, Plaintiff's attempt to manufacture disputes of fact by pointing to a meaningless distinction without a difference in the record cannot render the fact introduced by Defendants disputed. *See Hill*, 2010 U.S. Dist. LEXIS 135606, at *23. Accordingly, Defendants respectfully submit that the following facts identified in Defendants' SOUF should be treated as undisputed for purposes of this summary judgment briefing: 8-10, 12, 13, 15, 18, 20-23, 25, 26, 35-38, 49-50, 55-56, 59-60, 73-74, 77-79, 82, 84, 86, 88, 90, 92-95, 99, 101-103, 106, 113, 116-120, and 122.

III. **The Facts Identified By Defendants Should Be Treated As Undisputed Where Plaintiff's RSOF Attempts to Manufacture Disputes of Fact By Citing Irrelevant Additional Evidence.**

In the RSOF, Plaintiff also attempts to manufacture material disputes of fact by citing non-responsive and irrelevant facts that do not actually dispute the facts identified by Defendants. This, too, runs afoul of Rule 56.1. *See Cady v. Sheahan*, 467 F.3d 1057, 1060-61

---

[2] Plaintiff also objects to Fact No. 49 by claiming it contains multiple facts, but this not true. Fact No. 49 states that McGeehan performed five manipulations and lists those manipulations. Plaintiff's other objections on this ground are also unavailing. For example, Fact Nos. 89-90 list the admissions Plaintiff's experts made regarding the 16th notes in the breakdown. Fact No. 92 lists the common elements in the songs that Dr. Ferrara found – not multiple, distinct facts. Fact No. 94 notes Shehab agreement with Ferrara's analysis of differences between the two songs, not multiple distinct facts.

6

(7th Cir. 2006) (affirming district court's reliance on Rule 56.1 statement where response was "filled with irrelevant information, legal arguments, and conjecture").

By way of example, Fact No. 30 states that: "Rhythm is the organization of the time values of sounds and silences as well as the overall rhythmic flow and feel." Docket No. 118, SOUF at ¶ 30. For support, Defendants cited to paragraph 6 of the expert report of Lawrence Ferrara. *Id.*; *see also* Docket No. 118-32, Ex. 31 to SOUF at ¶ 6. In response, Plaintiff designates the fact as disputed. Docket No. 146, RSOF at 14-15. Plaintiff's response reads as follows:

> Disputed. Definition is incomplete. Dr. Cockrell states that his comparison and definition of rhythm takes into account the rhythm pattern and must be analyzed and considered to identify distinguishing characteristics of the pattern.
>
>> ***Rhythm.*** Are the compared rhythmic patterns the same or similar? If different, are the distinguishing characteristics of the pattern held in common? (Vernacular musical traditions frequently add "filler" rhythms while leaving the distinguishing pattern intact.). Is the speed (tempo) of the music a distinguishing characteristic?
>
> (Ex. 18, Cockrell Rep. at p. 5). In addition, the analytic parameters of lyrical syntax and scansion compare "lyrical rhythm." (*Id.*)

This response does not cite any evidence that contradicts the definition of rhythm set forth in Fact No. 30. Instead, it provides additional, irrelevant testimony of Dr. Cockrell that does not dispute the definition of rhythm; it simply explains how Dr. Cockrell analyzes rhythm. Plaintiff has taken the same, improper approach to purportedly disputing the definitions of the other musical components relevant to this dispute. *See* Docket No. 146, RSOF at 12-15 (Facts No. 27-31).

Likewise, Fact No. 115 states, in pertinent part, as follows: "Blair has neither heard nor received a copy of *Juda*, and, for that matter, has never given a copy of *Juda* to Gaga, either on

his own or as a member of DJWS." Docket No. 118, SOUF at ¶ 115. The citation provided for this fact includes the following deposition testimony:

> Q: Okay? All the communications, all the contacts, all the time you spent together working on music, isn't it possible in all those meetings that the name Juda or any of the music from Juda, some part of Juda --
>
> A: I'd say yeah.
>
> Q: -- made its way to Ms. Germanotta?
>
> \* \* \*
>
> A: It is absolutely, unequivocally totally impossible.
>
> Q: And why is that unequivocally impossible?
>
> A: Well, because I've never -- to this day I've never heard the song….
>
> Q: Okay. So you're saying that there's no way that Mr. Gaynor could have sent you music that was an original to him as it related to Ms. Francescatti?
>
> A: It's completely impossible. There's never been a time where Brian Gaynor had sent me any of her music. There's never been a time where we have discussed her music or her or Brian's career with her prior to us meeting. I have absolutely no – it's impossible.

Docket No. 118-32, Ex. 31 to SOUF at 201:12-202:8; 202:17-203:2.

Rather than referencing any evidence that contradicts this testimony, Plaintiff points to a variety of irrelevant and improper additional facts in the RSOF (*see* Section I above). For example, in her response to Fact No. 115, Plaintiff states that there were "extensive telephone calls, text message exchanges between Gaynor, Lee and Blair, including a transfer of more than 50 megabytes of data." Docket No. 146, RSOF at 57. Plaintiff also points to information exchanged between Gaynor, Blair, and Gaga by i-Chat. *Id.* at 58. Plaintiff also contends that the witness' "credibility is in issue." *Id.* at 57.[3] These new facts are irrelevant and do not contradict

---

[3] In support of this accusation, Plaintiff references an instance in which Mr. Blair could not recite from memory 17 songs on which he claimed to have collaborated with Gaga. Docket No. 146, RSOF at 57. In response to Fact No. 116, Plaintiff cites Gaga's deposition testimony that Blair did not work on 17 tracks for *Born This Way. Id.* at 59. These additional facts and argument are improper within a Rule 56.1 Response, as set forth in Section I above. In addition, Gaga's testimony does not contradict Blair. She suggests, in the deposition testimony excerpted from Plaintiff's response to Fact No. 116, that Blair may

the statement in Fact No. 115 that "Blair has neither heard nor received a copy of *Juda*, and, for that matter, has never given a copy of *Juda* to Gaga, either on his own or as a member of DJWS."

Where Plaintiff's RSOF designates a fact as disputed but, in support, points to irrelevant evidence that does not contradict the fact at issue, Defendants respectfully request that her responses should be stricken. *See Prewitt v. United States*, 10 C 102, 11 C 3136, 2012 U.S. Dist. LEXIS 155718, at *5 (N.D. Ill. Oct. 31, 2012) (treating as undisputed facts that "are not properly disputed" by plaintiff's submission of "extraneous and irrelevant facts"); *Auer*, 2012 U.S. Dist. LEXIS 7310, at *4 (N.D. Ill. Jan. 23, 2012) (Aspen, J.) (striking responses on the grounds that they were non-responsive). Thus, the following facts should be treated as undisputed for purposes of summary judgment: 13, 15, 18-19, 23, 25, 28-31, 36, 41-48, 50-51, 54, 59, , 61-66, 69-70, 71, 76, 80, 85, 89, 91, 100, 107-10, 112-13, and 115-17.

## IV. Conclusion

Defendants do not request that this Court strike Plaintiff's entire RSOF or disregard any answer that has complied with the requirements of Local Rule 56.1. Instead, Defendants respectfully request that this Court disregard the improper facts and argument within the RSOF. In addition, Defendants respectfully request that this Court treat the facts identified in the SOUF as undisputed where Plaintiff's response does not identify any genuine dispute of material fact.

Dated: April 29, 2013

Respectfully submitted,

| | |
|---|---|
| ___/s/Catherine J. Spector___ | ___/s/Andrew H. Bart___ |
| Charles Ortner | Christopher B. Lay |
| Sandra A. Crawshaw-Sparks | JENNER & BLOCK LLP |

---

have been "talking about tracks that he submitted to Born This Way to be used that didn't get" used on the album. *See* Ex. B to RSOF at 140:16-18.

9

Alexander Kaplan
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
cortner@proskauer.com
scrawshaw@proskauer.com
akaplan@proskauer.com

Steven R. Gilford
Catherine J. Spector
PROSKAUER ROSE LLP
70 West Madison St., Suite 3800
Chicago, IL 60602
Tel:  (312) 962-3550
sgilford@proskauer.com
cspector@proskauer.com
***Attorneys for Stefani Joanne Germanotta***

353 N. Clark Street
Chicago, IL 60654
Tel:  (312) 840-7295
clay@jenner.com

Andrew H. Bart
JENNER & BLOCK LLP
919 Third Avenue – 37th Floor
New York, NY 10022-3908
Tel:  (212) 891-1600
abart@jenner.com
***Attorneys for UMG Recordings, Inc.***

          */s/Elvis D. Gonzalez*
Elvis D. Gonzalez
ELVIS GONZALEZ, LTD.
Three First National Plaza
70 West Madison St., Suite 1515
Chicago, IL 60602
Tel:  (312) 558-9779
egonzalez@elvisgonzalezltd.com
***Attorney for DJ White Shadow, LLC***

          */s/Bryan E. Curry*
John J. Bullaro, Jr.
Bryan E. Curry
BULLARO & CARTON PC
200 North LaSalle St., Suite 2420
Chicago, IL 60601
Tel:  (312) 831-1000
jbullaro@bullarocarton.com
bcurry@bullarocarton.com
***Attorneys for Brian Joseph Gaynor***

10

## **CERTIFICATE OF SERVICE**

  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on this 29th day of April, 2013.

                */s/ Catherine J. Spector*
                Catherine J. Spector