IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA FRANCESCATTI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEFANI JOANNE GERMANOTTA, an individual, a.k.a."Lady Gaga," INTERSCOPE RECORDS, UNIVERSAL MUSIC GROUP, INC., DJ WHITE SHADOW, LLC, and BRIAN JOSEPH GAYNOR, an individual,<br><br>Defendants. | Case No. 1:11-CV-05270<br><br>Honorable Marvin E. Aspen<br>Magistrate Judge Jeffrey T. Gilbert<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PORTIONS OF PLAINTIFF'S RESPONSE TO
DEFENDANTS' L.R. 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT
OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Rebecca Francescatti ("Francescatti") opposes the Defendants' Motion to Strike Portions of Plaintiff's Response to Defendants' Statement L.R. 56.1 Statement of Undisputed Facts in Support of their Motion for Summary Judgment (the "RSOF," Docket No. 146).

Plaintiff's Response to Defendants' Statement of Undisputed Facts is proper, reasonable and necessary to fully establish disputed material facts and present the Plaintiff's opposition to Defendants' Motion for Summary Judgment. Plaintiff's responses to the statements identified in Defendants' Motion are necessary to place the Defendants' alleged undisputed facts in the proper context and to point out (respond to) mischaracterizations of the record in order to assist and fully inform the Court for its consideration of Defendants' Motion for Summary Judgment. Plaintiff's responses fully comply with Local Rule 56.1(b).

Defendants' Motion to Strike should be denied.

- 1 -

The district court has broad discretion to require compliance with Local Rule 56.1. *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000); *see Hartford Fire Ins. Co. v. Taylor*, --- F. Supp. 2d ---, 2012 WL 5197681 at *6 (N.D. Ill. Oct. 17, 2012). Further, Plaintiff is "explicitly allowed to reference parts of the record and other supporting materials in [her] responses to the moving party's statements of fact." *Hartford Fire Ins. Co.*, 2012 WL 5197681 at *8 (citing Local Rule 56.1(b)(3)(B)). Similarly, here, Plaintiff's references back to the same exhibits (testimony and reports) are not legal argument; they are entirely proper responses to Defendants' Statements of Fact. Contrary to Defendants' argument, Plaintiff did not provide her own characterization of the cited testimony, as Defendants' statement did, but instead presented evidence to establish the context in which the statements were made. This is permissible under the Local Rules. Similarly, Plaintiff's explanations as to why the cited evidence refutes Defendants' Statements of Fact do not comprise legal argument and are entirely proper. *See Id.* Indeed, responses that either clarify the extent to which Plaintiff agrees with the Defendants' statement, or point out exactly how she disagrees with it is entirely permissible under the Local Rules. *See, e.g., Curde v. Xytel Corp.*, 912 F. Supp. 335, 338 (N.D. Ill. 1995).

Although Defendants identify and challenge 84 of Plaintiff's Responses, they point specifically to only six (¶¶ 117, 61, 35, 49, 30 and 115), leaving the task of determining the alleged impropriety of the remaining 78 paragraphs to the Court. Defendants ask the Court to sift through the 78 unexplained objections as Defendants themselves cite "like pigs hunting for truffles." (Dkt. 157, Defs. Br. at p. 6). Indeed, Defendants state that they "do not request that this Court strike Plaintiff's entire RSOF . . . instead . . . [The Court should] disregard the improper facts and argument within the RSOF" (Dkt. 157, Defs. Br. at p. 9). Having failed to point out the

alleged issues with respect to the remaining 78 paragraphs, the Court should consider only Defendants' objections to the six paragraphs identified and challenged in Defendants' Motion. Additionally, Defendants should not be permitted, in their reply brief, to provide substantive argument regarding the other 78 paragraphs they seek to strike. *See Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) ("It is well settled that new arguments cannot be made for the first time in reply").

Defendants first complain that Plaintiff's Response to Fact No. 117 inappropriately introduces new facts. But, Defendants conveniently omit from their Motion a relevant portion of their own Statement of Undisputed Fact No. 117 ("SOUF"), namely:

> 'Plaintiff has no admissible evidence that would create a triable issue of fact with regard to Gaga's testimony.'

(Docket No. 118, SOUF, ¶ 117). Here, Defendants, through improper legal argument, have placed Defendants' testimony in issue and invited Plaintiff to respond by providing admissible evidence. Plaintiff submitted the testimony of Gaga contradicting the undisputed fact alleged, providing reference to the record of Gaga's public statements about hating the truth, and pointing to testimony that was in direct conflict with testimonial evidence of Defendant Paul Blair. Evidence that calls into question the credibility of the witness is clearly admissible evidence. *See* Fed. R. Evid. 607, 608(a), 613. Defendants' challenge is without merit.

Next, Defendants accuse Plaintiff of attempting to manufacture disputes of fact when none are said by Defendants to exist.

Defendants challenge Plaintiff's response to Fact No. 35. Here, Defendants have presented a snippet of testimony taken out of context and called it an undisputed fact. Plaintiff appropriately objected to the Statement of Fact as mischaracterizing the testimony. To demonstrate the dispute, Plaintiff submitted additional testimony of the witnesses which disputes

Defendants' limited and potentially misleading characterization of the testimony. The witnesses' **complete** testimony on the subject places Defendants' Statement of Fact No. 35 in dispute.

Defendants also complain that Plaintiff did not show Defendants' Statement of Fact in Paragraph 49 to be in dispute. Clearly, this complaint is without merit. Defendants stated as a fact that McGeehan "combined a <u>fragment</u> of a viola line with a <u>fragment</u> of violin line. . ." and then cited to his testimony to establish that fact. Plaintiff objected to the characterization of the testimony as a "fragment" (a term the witness did not use) and pointed to the testimony of McGeehan which places the testimony in context and shows the Statement of Fact to be in dispute. Moreover, Defendants' SOUF No. 49 combined five separate alleged Statements of Fact into one paragraph, which is clearly improper under Rule 56.1(a). (Dkt. 118 at ¶ 49). In order to demonstrate the nature of the dispute involving each of those facts, Plaintiff simply pointed to the testimony of McGeehan to show that dispute. Further, Defendants improperly characterize the evidence with pejorative terms such as "manufactured" melodic phrase and, in their Motion, claim Paragraph 49 sets forth five "manipulations," allegedly performed by McGeehan. Rather than present facts as stated, the Defendants characterize the testimony and treat that characterization as nestablished, undisputed facts. Plaintiff's Response, namely, citation to the omitted portions of the testimony of the witness, demonstrates the nature of the dispute over that alleged "facts."

Next, Defendants complain that Plaintiff points to a section of the McGeehan deposition transcript in violation of the Local Rule. (Dkt. 157 at pp. 5-6). However, Defendants cited to snippets of McGeehan's testimony within these same 14 pages to establish their alleged facts. (Dkt. 118, SOUF ¶ 49). Plaintiff's response simply identifies the omitted portions of McGeehan's deposition testimony to provide the witness' complete testimony to the Court.

Defendants' citation to snippets and incomplete statements was clearly in an attempt to establish facts with only favorable portions of testimony on the subject. Plaintiff's reference to the testimony of McGeehan is for the purposes of providing the complete testimony for the Court to review. The **complete** reference provided by Plaintiff demonstrates that the "facts" are in dispute. This is proper and should not be stricken.

Finally, Defendants complain that Plaintiff disputes Statements of Fact by pointing to meaningless distractions. (Dkt. 157 at pp. 6-7). As an example, Defendants challenge Plaintiff's response to SOUF ¶ 30 concerning the definition of the technical term "rhythm," citing to the testimony of their expert Ferrara. Plaintiff responded by explaining that the definition offered by Ferrara is incomplete and disputed by Plaintiff's expert Cockrell's definition of that musical term. (Dkt. 146 at ¶ 30). When Defendants simply point to one person's definition of a technical term as a fact, it is incumbent on Plaintiff to dispute that definition, when appropriate, with a definition provided by another qualified expert. Providing an expert's definition of a technical term can hardly be appropriately classified as a distinction without a difference. Defendants' definition is disputed as incomplete and Plaintiff specifically points to the definition that places Defendants' Statement of Fact in dispute. (*Id.*).

Similarly, Defendants complain that Plaintiff's Response to SOUF ¶ 115 is a distinction without a difference. Again, like SOUF ¶ 117, above, Defendants fail to include all of their alleged Statement of Fact in their Motion, omitting the statement:

> 'Plaintiff has no admissible evidence that would create a triable issue of fact with regard to Blair's testimony.'

(Docket No. 118, SOUF, ¶ 115). Defendants again invite a response that presents facts that would put Blair's testimony in dispute – namely, his credibility. *See Hartford Fire Ins.*, 2012 WL 5197681 at *8 (finding that credibility is at issue and allowing facts regarding credibility of

the witnesses). Indeed, "credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, when he is ruling on a motion for summary judgment." *Id.* at *9 (citing *Payne v. Milwaukee Cnty.*, 146 F.3d 430, 432 (7th Cir. 1998). Defendants claim that it is an undisputed fact that Blair never heard nor received a copy of Plaintiff's song "Juda". They cite only to Blair's self-serving testimony. Plaintiff, in her Response, shows through admissible evidence, that Blair had extensive communications with Defendants Gaynor and Germanotta in the relevant time period and that Blair has a tendency to say whatever serves his immediate interest without regard for the truth. (Dkt. 146 at ¶ 115). Plaintiff cites to deposition testimony of Blair and the Verified Pleadings and Affidavits signed by Blair and submitted to the Circuit Court of Cook County to establish that fact. (*Id.*). Blair's credibility, as well as that of Germanotta and Gaynor, is clearly in question. Plaintiff simply points to that evidence in her Response, which places Defendants' Statement of Fact No. 115 clearly in dispute.

As set forth above, Plaintiff's Responses to SOUF ¶¶ 117, 61, 35, 49, 30 and 115 are proper under Local Rule 56.1(b)(3) and Defendants' Motion should, therefore, be denied.

Respectfully submitted,

*/s/ William L. Niro*
William L. Niro
Christopher W. Niro
Ashley E. LaValley
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
Tel.   (312) 236-0733
Fax:   (312) 236-3137
wniro@nshn.com
cniro@nshn.com
alavalley@nshn.com
***Attorneys for Plaintiff, Rebecca Francescatti***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 13, 2013 the foregoing

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S RESPONSE TO DEFENDANTS' L.R. 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

Steven R. Gilford
Catherine J. Spector
PROSKAUER ROSE LLP
70 West Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
sgilford@proskauer.com
cspector@proskauer.com

Charles Ortner
Sandra A. Crawshaw-Sparks
Alexander Kaplan
Kevin S. Blum
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
cortner@proskauer.com
scrawshaw@proskauer.com
akaplan@proskauer.com
kblum@proskauer.com
*Attorneys for Stefani Joanne Germanotta*

John J. Bullaro, Jr.
Bryan E. Curry
BULLARO & CARTON PC
200 North LaSalle St., Suite 2420
Chicago, IL 60601
Tel: (312) 831-1000
Fax: (312) 831-0647
jbullaro@bullarocarton.com
bcurry@bullarocarton.com
*Attorneys for Brian Joseph Gaynor*

Christopher B. Lay
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 840-7295
Fax: (312) 840-7395
clay@jenner.com

Andrew H. Bart
JENNER & BLOCK LLP
919 Third Avenue – 37th Floor
New York, NY 10022-3908
Tel: (212) 891-1600
Fax: (212) 891-1699
abart@jenner.com
*Attorneys for UMG Recordings, Inc.*

Elvis D. Gonzalez
ELVIS GONZALEZ, LTD.
Three First National Plaza
70 West Madison St., Suite 1515
Chicago, IL 60602
Tel: (312) 558-9779
Fax: (312) 276-8119
egonzalez@elvisgonzalezltd.com
*Attorney for DJ White Shadow, LLC*

*/s/ William L. Niro*
Attorneys for Rebecca Francescatti