UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA FRANCESCATTI, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:11-cv-05270 |
| | ) | |
| v. | ) | |
| | ) | Honorable Marvin E. Aspen |
| STEFANI JOANNE GERMANOTTA | ) | Magistrate Judge Jeffrey T. Gilbert |
| p/k/a LADY GAGA, INTERSCOPE RECORDS, | ) | |
| UNIVERSAL MUSIC GROUP, INC., | ) | ECF CASE |
| DJ WHITE SHADOW, LLC, and | ) | |
| BRIAN JOSEPH GAYNOR, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO STRIKE PORTIONS OF PLAINTIFF'S RESPONSE
TO DEFENDANTS' L.R. 56.1 STATEMENT OF UNDISPUTED
FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

In the Motion (the "Motion") to Strike Portions of Plaintiff's Response to Defendants' L.R. 56.1 Statement of Undisputed Facts (the "RSOF," Docket No. 146), Defendants identified three pervasive deficiencies in Plaintiff's RSOF, each of which violates Local Rule 56.1:

(a) Responses containing new facts are improper, those new facts should be disregarded, and the facts asserted by Defendants should be treated as undisputed;

(b) Responses attempting to manufacture disputes of fact through characterization, and mischaracterization, of evidence that do not actually identify disputes of material fact are improper, and the facts in question should be treated as undisputed; and

(c) Responses attempting to manufacture disputes of fact by citing additional irrelevant evidence are improper, and the facts in question should be treated as undisputed.

Plaintiff's response brief in opposition to the Motion (the "Response," Docket No. 166) simply repeats the same deficient argument made in the RSOF in an apparent attempt to

complicate the issues before this Court on summary judgment.[1]  Defendants have brought this Motion not to burden this Court with additional briefing but, rather, to make the resolution of summary judgment easier by simplifying the issues and facts that Plaintiff seeks to bring before this Court.  Because Plaintiff's Response does not rehabilitate the deficient responses in the RSOF, Defendants respectfully submit that those responses should be stricken and the facts in question should be treated as undisputed for purposes of summary judgment.

I.      **The New Facts Included in Plaintiff's RSOF Should Be Disregarded.**

The first category of deficient responses in Plaintiff's RSOF includes those that attempt to introduce new facts that should have been included in Plaintiff's Rule 56.1 Statement of Additional Facts.  *See* Docket No. 157, Mot. at 2 (quoting *Buttron v. Sheehan*, No. 00 C 4451, 2003 U.S. Dist. LEXIS 13496, at *15 (N.D. Ill. Aug. 4, 2003)).  The Seventh Circuit and this Court have repeatedly held that such new facts contained within a Rule 56.1 Response should be stricken.  *Id.* at 4 (citing *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008); *Auer v. Allied Air Conditioning & Heating Corp.*, No. 10 CV 5285, 2012 U.S. Dist. LEXIS 7310, at *4 (N.D. Ill. Jan. 23, 2012) (Aspen, J.); *Hill v. Norcomm Public Safety Comms., Inc.*, No. 07 C 4335, 2010 U.S. Dist. LEXIS 135606, at *23 (N.D. Ill. Dec. 22, 2010); *Buttron*, 2003 U.S. Dist. LEXIS 13496, at *15, citing *McGuire v. United Parcel Serv.*, 152 F.3d 673, 675 (7th Cir. 1998)).  Thus, Defendants respectfully request that these new facts be disregarded.

---

[1]     The Response suggests that Defendants ought to have analyzed each of the 84 deficient responses contained within the RSOF independently.  Docket No. 166, Resp. at 2-3.  The flaws in the responses in Plaintiff's RSOF are so consistent and obvious that Defendants did not believe that individually addressing each of the responses would be appropriate.  Defendants therefore grouped discussion of defective responses to avoid unnecessary repetition of argument and analyzed illustrative examples.  *See, e.g., Shannon v. Sheahan*, No. 01 C 252, 2003 U.S. Dist. LEXIS 2468 (N.D. Ill. 2003) (providing examples of deficiencies in Rule 56.1 Response and disregarding the unsupported denials).  To the extent this Court would find useful additional briefing on any of other 78 responses in question, however, Defendants are prepared to submit further briefing individually addressing the flaws in other responses to the Court.

By way of illustration, Defendants have pointed to Fact No. 117, which states that: "Gaga heard *Juda* for the first time on July 19, 2012 – the day before her deposition in this case." Docket No. 157, Mot. at 2-3 (quoting Docket No. 118, SOUF at ¶ 117). Plaintiff never disputes that the referenced Gaga testimony does so state. Nevertheless, Plaintiff designates the fact as disputed by contending that she "submitted the testimony of Gaga contradicting the undisputed fact alleged." Docket No. 166, Resp. at 3. But this is not true: Plaintiff has identified no testimony that Gaga heard the song *Juda* any time before July 19, 2012. Plaintiff also argues that she cited in her RSOF Gaga testimony "providing reference to the record of Gaga's public statements [not made under oath] about hating the truth, and pointing to testimony that was in direct conflict with testimonial evidence of Defendant Paul Blair." *Id.* None of this evidence relates in any way to when Gaga first heard *Juda*.

Plaintiff next suggests that testimony on other unrelated topics generates a dispute of fact. *See* Docket No. 166, Resp. at 3, 5-6.[2] But impugning a party's credibility based on isolated and unrelated statements will not create a dispute a fact under Local Rule 56.1. *See Bilal v. Rotec Indus.*, 03 C 9220, 2006 U.S. Dist. LEXIS 12750, at *2 n.2 (N.D. Ill. 2006) (deeming a 56.1 statement admitted where the only dispute was taking issue with the witness' credibility); *Mearday v. City of Chicago*, 196 F. Supp. 2d 700, 704 n.5 (N.D. Ill. 2002) (finding denials insufficient where the non-movant only expressed doubts as to credibility and cited several facts irrelevant to the specific factual points). Furthermore, merely suggesting lack of witness credibility is not enough to defeat summary judgment. Docket No. 167, Reply at 18-19 (citing *Games Workshop, Ltd. v. Charterhouse Studios, LLC*, 10 C 8103, 2012 U.S. Dist. LEXIS

---

[2] Plaintiff's suggestion that Defendants' statement in the SOUF that there is no admissible evidence to contradict this fact somehow opens the door to the inclusion of additional facts in the RSOF (*see* Docket No. 166, Resp. at 3, 5), is insupportable, particularly given that the new facts Plaintiff identifies do not call Defendants' fact into question. Perhaps for this reason, Plaintiff has identified no case law deeming the approach it takes in the RSOF appropriate.

3

168360, at *15-16 (N.D. Ill. Nov. 27, 2012)); *cf. Perfetti v. First Nat'l Bank*, 950 F.2d 449, 456-457 (7th Cir. 1991) (mere assertion that party "lacks credibility" will not meet a party's burden of proof as to judgment notwithstanding the verdict; the party must offer affirmative evidence of "post hoc rationalizations, inconsistencies, or admissions").

Plaintiff's citation to *Hartford Fire Ins. Co. v. Taylor*, 11 C 5421, 2012 U.S. Dist. LEXIS 150876, at *25-26 (N.D. Ill. Oct. 17, 2012) for the proposition that credibility is properly addressed in a Rule 56.1 Response (Docket No. 166, Resp. at 5) is unavailing. There, the dispute regarding credibility related to a key witness's contradictory statements about the very automobile accident at issue in that case. *See* 11 CV 05421, Docket No. 60 at 3-5. Here, in contrast, there is no inconsistent testimony regarding Gaga's access to *Juda*. Thus, Plaintiff improperly seeks to cast doubt on several key witnesses' testimony based on their unrelated statements regarding other issues.

Accordingly, the new facts Plaintiff has presented in the RSOF and repeatedly attempts to rely on throughout summary judgment briefing – including in the response to Fact No. 117 – are improper and should be disregarded for summary judgment purposes.

**II.   This Court Should Reject Plaintiff's Attempts to Manufacture Disputes of Fact that Are Not Material through Characterizations of the Evidence.**

The second category of deficient responses in the RSOF are those that attempt to concoct material disputes of fact through characterization of the evidence, without actually identifying any evidence that disputes the fact in question. *See* Docket No. 157, Mot. at 4 (citing *Hill*, 2010 U.S. Dist. LEXIS 135606, at *23, citing *Senske v. Sybase, Inc.*, 588 F.3d 501, 503 n.1 (7th Cir. 2009)). Defendants respectfully submit that these responses are improper and should be stricken, as well as that the facts in question should be treated as undisputed for summary judgment purposes.

As illustrative examples of Plaintiff's missteps, Defendants have highlighted the flaws in the responses to Facts No. 35 and 49. For example, Fact No. 35 states as follows: "Francescatti, in her deposition, explained that her phrase 'while the songs don't sound the same' [written in an email to her parents and siblings about *Juda* and *Judas*] meant that the songs 'don't sound the same to the people I'm writing to,' meaning her family members, because 'they're not musicians.'" Docket No. 118, SOUF at ¶ 35. In the Response, Plaintiff contends that she has "submitted additional testimony of the witness which disputes Defendants' limited and potentially misleading characterization of the testimony." Docket No. 166, Resp. at 3-4. This misstates the record citations.

In fact, the testimony Plaintiff cites in the Response is <u>consistent</u> with Fact No. 35. Specifically, the testimony cited by Plaintiff is as follows: "As I said, I'm a musician. I wrote the song 'Juda.' I heard Juda and Judas. I heard my song. I could not assume they were going to hear that." Docket No. 146, RSOF at 17. The testimony Plaintiff cites further indicates that Plaintiff did not expect her family to find the songs *Juda* and *Judas* to be similar. Thus, Plaintiff's response to Fact No. 35 does not generate a genuine dispute of material fact for summary judgment purposes.

Plaintiff's response to Fact No. 49 is similarly deficient. That fact lists the five manipulations that Plaintiff's proffered expert witness, Colin McGeehan, performed in his comparison of *Juda*'s viola and violin lines with *Judas*' chorus vocals. Docket No. 157, Mot. at 5 (citing Docket No. 118, SOUF at ¶ 49.)[3] In support of her position that this fact is disputed, Plaintiff objects to the use of the term "fragment," because McGeehan never used that precise word. Docket No. 166, Resp. at 4. Given that Plaintiff fails to explain why the word "fragment"

---

[3] As set forth in the Motion, Fact No. 49 does not contain multiple facts, as Plaintiff suggests. *See* Docket No. 157, Mot. at 6 n.2.

is inaccurate to describe a selection of notes from a longer musical phrase, Plaintiff has identified a linguistic distinction, not a genuine dispute of material fact. Whether the portions of the songs analyzed by McGeehan are properly described as "fragments" is not a dispute of the material fact that McGeehan performed five manipulations in his analysis.

Next, Plaintiff contends in the Response that the "citation to the omitted portions of the testimony of the witness[] demonstrates the nature of the dispute over that alleged 'facts.'" Docket No. 166, Resp. at 4. Plaintiff fails to explain which "omitted portions" demonstrate a dispute, or how. This puts an undue burden on this Court and should be rejected. Docket No. 157, Mot. at 6 (citing *Selan v. Valley View Cmty. Unit Sch. Dist.*, No. 10 CV 7223, 2013 U.S. Dist. LEXIS 5335, at *5 (N.D. Ill. Jan. 11, 2013)); *see also Chism v. Kenall Mfg. Co.*, 06 C 3374, 2008 U.S. LEXIS 12810, at *4-7 (N.D. Ill. 2008) (objections based on a "series of blind citations to affidavits, depositions, and other documents … [that] in many cases, the evidence -- once it is located -- does not contradict the statement objected to in any way … seriously hampered" the court's ability to ascertain which operative facts were not genuinely in dispute).

Plaintiff's attempt to fabricate disputes of fact by characterizing the evidence without identifying genuine disputes of fact falls short of the requirements of Rule 56.1, and the facts in question should be treated as undisputed for summary judgment purposes.

**III. Plaintiff's RSOF Improperly Attempts To Manufacture Disputes of Fact by Citing Irrelevant Additional Evidence.**

The third and final category of deficient responses in Plaintiff's RSOF consists of responses that attempt to manufacture material disputes of fact by citing non-responsive and irrelevant facts that do not actually dispute the facts identified by Defendants. Docket No. 157, Mot. at 6-7, 9 (citing *Cady v. Sheahan*, 467 F.3d 1057, 1060-61 (7th Cir. 2006); *Prewitt v. United States*, 10 C 102, 11 C 3136, 2012 U.S. Dist. LEXIS 155718, at *5 (N.D. Ill. Oct. 31,

6

2012); *Auer*, 2012 U.S. Dist. LEXIS 7310, at *4 (N.D. Ill. Jan. 23, 2012)). Defendants respectfully request that these responses should be stricken, and the facts in question be treated as undisputed.

Defendants have pointed to Plaintiff's responses to Facts No. 27 through 31 as examples of this improper approach to disputing a Rule 56.1 statement. Fact No. 30 states that: "Rhythm is the organization of the time values of sounds and silences as well as the overall rhythmic flow and feel." Docket No. 118, SOUF at ¶ 30. Plaintiff has designated this fact as disputed. Defending this characterization, Plaintiff argues that this definition is "incomplete and disputed by Plaintiff's expert Cockrell's definition of that musical term." Docket No. 166, Resp. at 5. But Dr. Cockrell's report does not dispute Defendants' expert's definition of rhythm; it just explains how Dr. Cockrell determines whether the rhythm of two songs is similar and the questions he asks to make that judgment. *See* Docket No. 157, Mot. at 7. For example, his report explains that he compares the rhythmic patterns and speed of the music when analyzing rhythm. *Id.* Thus, the Cockrell report, which describes the way he analyzes the rhythm of a song, does not set forth a differing definition of rhythm or call Dr. Ferrara's definition of rhythm into question. As noted in the Motion, Plaintiff took the same improper approach regarding the other musical terms.

Plaintiff's response to Fact No. 115 is similarly improper. Fact No. 115 states, in pertinent part, as follows: "Blair has neither heard nor received a copy of *Juda*, and, for that matter, has never given a copy of *Juda* to Gaga, either on his own or as a member of DJWS." Docket No. 157, Mot. at 7-8 (quoting Docket No. 118, SOUF at ¶ 115). In the Response, Plaintiff seemingly acknowledges that there is no evidence to dispute this fact. Rather than referencing any evidence that contradicts this testimony, Plaintiff points to a variety of irrelevant

7

and improper additional facts in the RSOF, including facts that attempt, improperly and unsuccessfully, to call credibility into question (*see* Section I, above). For example, in her response to Fact No. 115, Plaintiff cites testimony "that Blair had extensive communications with Defendants Gaynor and Germanotta in the relevant time period and that Blair has a tendency to say whatever serves his immediate interest without regard for the truth." Docket No. 166, Resp. at 6. This does not dispute Blair's testimony that it is "absolutely, unequivocally, totally impossible" that he transmitted any part of *Juda* to Gaga and, accordingly, is improper.

Plaintiff's attempt to fabricate disputes of fact by referencing additional evidence that does not create a genuine dispute of fact therefore fails, and the facts in question should be treated as undisputed for summary judgment purposes.

**IV. Conclusion**

For the foregoing reasons, as well as those set forth in the Motion, Defendants respectfully request that this Court (a) refuse to consider the improper facts and argument within the RSOF and (b) deem the facts identified in the SOUF as undisputed where Plaintiff's response does not identify any genuine dispute of material fact.

Dated: May 20, 2013

Respectfully submitted,

| */s/Catherine J. Spector* | */s/Andrew H. Bart* |
|---|---|
| Charles B. Ortner | Christopher B. Lay |
| Sandra A. Crawshaw-Sparks | JENNER & BLOCK LLP |
| Alexander Kaplan | 353 N. Clark Street |
| PROSKAUER ROSE LLP | Chicago, IL 60654 |
| Eleven Times Square | Tel: (312) 840-7295 |
| New York, NY 10036 | clay@jenner.com |
| Tel: (212) 969-3000 | |
| cortner@proskauer.com | Andrew H. Bart |
| scrawshaw@proskauer.com | JENNER & BLOCK LLP |
| akaplan@proskauer.com | 919 Third Avenue – 37th Floor |
| | New York, NY 10022-3908 |

8

Steven R. Gilford  
Catherine J. Spector  
PROSKAUER ROSE LLP  
70 West Madison St., Suite 3800  
Chicago, IL 60602  
Tel:     (312) 962-3550  
sgilford@proskauer.com  
cspector@proskauer.com  
***Attorneys for Stefani Joanne Germanotta***

Tel:     (212) 891-1600  
abart@jenner.com  
***Attorneys for UMG Recordings, Inc.***

     */s/Elvis D. Gonzalez*  
Elvis D. Gonzalez  
ELVIS GONZALEZ, LTD.  
Three First National Plaza  
70 West Madison St., Suite 1515  
Chicago, IL 60602  
Tel:     (312) 558-9779  
egonzalez@elvisgonzalezltd.com  
***Attorney for DJ White Shadow, LLC***

     */s/Bryan E. Curry*  
John J. Bullaro, Jr.  
Bryan E. Curry  
BULLARO & CARTON PC  
200 North LaSalle St., Suite 2420  
Chicago, IL 60601  
Tel:     (312) 831-1000  
jbullaro@bullarocarton.com  
bcurry@bullarocarton.com  
***Attorneys for Brian Joseph Gaynor***

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on this 20th day of May, 2013.

                                                 */s/ Catherine J. Spector*
                                                 Catherine J. Spector